## BLAKE *v.* DODGE.

1. SUPERSEDAS. *Motion to discharge.* Upon an application for a *supersedeas* under the Code, 3933, the question is not whether the order asked to be superseded, was erroneous, but whether it is within the meaning of the statute, namely, one to be actively enforced, and which may deprive the petitioning litigant of money or property in advance of the final hearing. And if the writ is granted by one of the judges of the court in vacation, all the court can do, upon a motion to discharge, is to see that the order is of the character contemplated by the statute.

### FROM DAVIDSON.

Appeal in error from the Chancery Court of Davidson County.  A. G. MERRITT, Ch.

T. W. WRENNE for Blake.

R. L. MORRIS for Dodge.

COOPER, J., delivered the opinion of the court.

The motion made in this case, is to discharge the *supersedeas* granted by one of the judges of this court in vacation, under the Code, 3933, and for this purpose we are asked to look into the proceedings of the court below, and pass upon the propriety of the order. The motion, and the argument in support thereof, raise the question whether the court can revise the action of one of its judges, under the statute, and to what extent.

30—VOL.8.

The Code, in substance, provides that the supreme court in term, or either of its judges in vacation, may grant a writ of *supersedeas* to supersede an interlocutory order or decree of the chancery court, and require a bond, with good security, to pay the amount of the order or decree, if required on final hearing, and all such costs and damages as the opposite party may sustain. A copy of the petition and *supersedeas* is to be filed in the cause in the chancery court, as part of the record.

These provisions clearly do not contemplate the bringing, up to this court by the *supersedeas* of the cause in which the order was made, or any part of it, for immediate revision. And it has, consequently, been held that the writ will not operate as an appeal or writ of error: *McMinnville & Manchester Railroad Co.* v. *Huggins,* 7 Cold., 217. The object of these provisions was to enable the court, or one of its judges, to stay the execution of an order or decree of the chancery court which, in advance of the final hearing, undertakes to deprive the litigant of money or property. And the reason of the legislation was, that under our system of jurisprudence, an appeal lies of right from every final decree, and that the remedy would be of no avail if the court undertook to do by interlocutory order what ought only to be done by the final decree. The orders and decrees intended to be embraced in the statute were only such as are of a nature to be actively enforced against the rights of property of the litigant, not those intended to impound or protect. Upon an application for the writ, the

Blake *v.* Dodge.

question is not whether the order or decree was erroneous, for to proceed on that, ground would be to revise the action of the chancellor as upon an appeal or writ of error, but is it within the meaning of the statute. In this view, if the *supersedeas* be granted by a judge in vacation, all that the court can do, upon a motion to discharge the *supersedeas*, is to see that the order superseded was of the character contemplated by the statute: *Redmond* v. *Redmond*, 9 Baxt., 561; *Park* v. *Meek*, 1 Lea, 78.

The bill in this case was filed to close up a partnership in a race mare. The mare was to be trained by the defendant at certain wages, and, when trained, sold, and the profits divided. The order of sale may deprive the defendant of his property before the animal is trained so as to ensure the expected profits. The order may not be erroneous; and yet it certainly accomplishes in advance all the purposes of the final decree. It clearly falls within the statute.

Motion disallowed.