JOHN WOODS and AARON TODD *v.* BEN BATEY.

SUPREME COURT PRACTICE. *Superseding fiat of judge.* The Supreme Court is not authorized by the Code, section 3933, to supersede the *fiat* of a judge awarding a writ of *supersedeas* as incident to a writ of *certiorari* to bring up the proceedings of an inferior to a superior tribunal for revision.

### FROM RUTHERFORD.

Application for *supersedeas.*

AVANT, SMITH & AVANT for petitioners.

PALMER & PALMER and RIDLEY & RICHARDSON against petition.

COOPER, J., delivered the opinion of the court.

On January 4, 1886, the county court of Rutherford county, at its quarterly meeting, declared the office of sheriff of the county vacant, by reason of the removal of the sheriff from the county, and his failure to discharge the duties of the office. On the next day, the court elected the petitioner, Todd, sheriff of Rutherford county, to fill out the unexpired term of Ben Batey, who seems to have qualified accordingly. On January 19, 1886, Batey prepared a petition to the judge of the circuit court of Rutherford county for a writ of *certiorari* to bring up the proceedings of the county court mentioned to the circuit court for revision, and for a *supersedeas* "to stay all

further proceedings of said county court herein complained of, and to stay all proceedings in, or claim to, said office of sheriff by said Todd." Upon this petition, Batey obtained from the Hon. E. D. Hancock, chancellor, a *fiat* to the clerk of the circuit court, directing him to " issue writs of *certiorari* and *supersedeas* as prayed for in the foregoing petition," upon the petioner giving bond with good security in the penalty of $1,600. The present petition, filed by Todd and the chairman of the county court, states that the clerk of the circuit court, under the *fiat,* issued a *supersedeas* restraining your petitioner, Todd, from exercising the duties and franchises of the office of sheriff to which he had been elected by the county court, also restraining him from proceeding in said office, also restoring said Batey to the office of sheriff of Rutherford county. The petitioners, however, do not accompany the petition with a certified copy of the *supersedeas,* which is the best evidence of its contents, nor, in fact, with any copy of the proceedings of the circuit court.

The petition to this court is for a writ of *supersedeas* to supersede the *fiat* of the judge, under the Code, section 2933. That section is: " The Supreme Court in term, or either of the judges in vacation, may grant writs of *supersedeas* to an interlocutory order or decree, or execution issued thereon, as in case of final decrees." This court did, in one or two cases, undertake to revise the action of chancellors at chambers, in granting or dissolving injunctions, no point being made by counsel as to the jurisdiction

of the court: *Keesee* v. *Civil District Board*, 6 Cold., 127; *Williams* v. *Boughner*, 6 Cold., 486. But afterward, in a well-considered opinion, by Andrews, J., the court, composed of the same judges, held that the jurisdiction of this court was confined to the staying of proceedings under decrees or orders which are of a nature to be actively enforced : *Railroad Company* v. *Huggins*, 7 Cold., 217. Since that decision was made, this court has adhered to it, and has limited its action to the superseding the execution of interlocutory orders and decrees of the court of an affirmative character, which interfere with the rights of the parties in advance of the hearing.

The present application is not to supersede an interlocutory order or decree, or execution issued thereon. It is to supersede the order of a judge at chambers granting the ordinary writ of *certiorari* to bring up the proceedings of the county court in a particular matter to the circuit court, and to supersede the execution of the judgment of that court. All of our judges of first instance are authorized to grant these writs in proper cases, and upon proper application. The discretion to grant the writs is intrusted to them. If a *supersedeas* be awarded, the Code, section 3132, prescribes the clerk's duty: "The clerk shall also issue a writ of *supersedeas* in all necessary cases, directed to the opposite party, or the officer in whose hands the execution may be, which shall effectually supersede all further proceedings thereon." The *fiat* sought to be superseded in this case is to "issue writs of *certiorari* and *supersedeas* as prayed for," which

is the usual form and correct. It does not mean a *supersedeas* containing all the prayers the petitioner may have made in his petition, but the *supersedeas* given by the law, which effectually supersedes all further proceedings on the "sentence, judgment or decree" of the county court. If the clerk has gone beyond the *fiat* and the law, the unauthorized provisions are probably void, and at any rate may be stricken out by the judge or court having jurisdiction of the case, upon proper application. Be this as it may, we are clearly of opinion that this court has no jurisdiction to supersede the *fiat* of a judge merely granting writs of *certiorari* and *supersedeas* to remove a case from an inferior to a superior tribunal, even if the *supersedeas* issued goes beyond the requirements of the law.

Application refused with costs.