HAMMOND *v*. RAWLS.

(*Jackson*, April Term, 1948.)

Opinion filed May 3, 1948.

Canale, Glankler, Loch & Little and John R. Gilliland, all of Memphis, for complainant.

Armstrong, McCadden, Allen, Braden & Goodman and Dick Busby, all of Memphis, for defendant.

Mr. Justice Tomlinson delivered the opinion of the Court.

In this cause the Court of Appeals, in reversing the action of the Chancellor, awarded cross-complainant Rawls judgment in the sum of $10,088 against Hammond. Hammond has now filed his petition for writ of *certiorari*, and that writ has been granted. The cause will probably be heard on the June call of the docket. However, before Hammond could reasonably present his petition for *certiorari* and *supersedeas* thirty days from the rendition of this judgment was about to expire. Hammond reasonably became apprehensive that respondent Rawls would apply for an execution upon the expiration of the thirty days. He, therefore, applied to one of the judges of this Court for *supersedeas* and made it known at the time that he intended to file petition for *certiorari*. As a result of that application the judge entered an order which, in so far as here pertinent, reads as follows:

"It is ordered that all proceedings pursuant to the opinion and decree of the Court of Appeals be temporar-

ily stayed, pending the action of the Court upon the said petition for *certiorari* and *supersedeas*, and the injunction bond heretofore given in this cause by the said T. J. Hammond shall cover any additional damages that may be incurred by reason of the issuance of this stay order."

■ Since the filing of the petition for *certiorari*, a motion to vacate this order has been made, it being insisted that the order is of doubtful construction, but that if intended to remain in force until the petition for *certiorari* is finally disposed of by this Court, then, so the motion asserts, it violates the letter and spirit of Code Section 10629, providing for removal by *certiorari* to this Court for review any case finally disposed of by the Court of Appeals, in that said Code Section contemplates application for *supersedeas* and the giving of proper bond in accordance with the order granting such *supersedeas*. That part of Code Section 10629 applicable here is:

"Likewise, the Supreme Court, or one of the Judges thereof, may order the issuance of the writ of *supersedeas* in aid of the *certiorari* upon such terms and bond as such court or judge may prescribe."

The *supersedeas* referred to in this quotation may be applied for and ordered prior to the filing of the petition for *certiorari*. *Red Top Cab Company* v. *Garside*, 155 Tenn. 614, 617, 298 S. W. 263. That case further observed that "upon such application . . . the writ will ordinarily issue upon terms or bond prescribed." 155 Tenn. 617, 298 S. W. 264.

The order granted in this cause and quoted in part hereinabove, had it been called a *supersedeas*, could legally have been granted at that time upon the identical terms set out in the order. It is unimportant whether

this order be called a *supersedeas* or a stay order. The purpose of the order is important. Also of importance in disposition of this motion is the fact that the language of this order, given a normal meaning free of strain, keeps the order effective until the petition for *certiorari* is acted upon by this Court. This fact is to be emphasized in considering the results reached in our action upon this motion.

It is observed in *McMinnville, etc.* v. *Huggins et al.*, 47 Tenn. 217, 223 that "our statutes recognize the writ of *supersedeas* as an established remedy, but give no general definition of the writ, nor description of its office." It is held, however, in *Blake* v. *Dodge*, 76 Tenn. 465, 467, that the purpose of *supersedeas* is "to enable the Court, or one of its Judges, to stay the execution of an order or decree of the Chancery Court which, in advance of the final hearing, undertakes to deprive the litigant of money or property." See also *McKee* v. *Board*, 173 Tenn. 276, 289, 290, 116 S. W. (2d) 1033, 117 S. W. (2d) 755.

The purpose of the order entered in this cause was "to stay the execution of . . . (the) decree" which would have "undertaken to deprive the litigant of money or property" in advance of a consideration of the petition for *certiorari* which he had the right within a given time to file and have considered by this Court, taking at the same time into consideration the terms which would appear to be reasonably necessary in order to prevent prejudice to respondent by reason of the order. The purpose of the order entered was, therefore, identical with the purpose for which is entered the order that is called *"supersedeas."*

While, as pointed out in more detail hereinafter, this Court is without jurisdiction to question the terms upon

which such order is made by one of its members in vacation, nevertheless, it is here appropriate to observe that respondent hereto has as security for the payment of his debt, if the judgment of the Court of Appeals be affirmed, a vendor's lien upon valuable personal property (machinery), the unpaid part of the purchase price of which is represented by the judgment which respondent has been awarded by the Court of Appeals. In the motion to vacate the order entered it is said that this machinery has deteriorated "to such an extent that it is doubtful whether it can be sold for an amount sufficient to satisfy the judgment." This language, as we read it, represents by necessary implication that this machinery has a quite substantial money value. When the petitioner for *certiorari* commenced his suit in Chancery he executed two injunction bonds aggregating $5,000. . The order under attack directs that these injunction bonds "shall cover any additional damages that may be incurred by reason of the issuance of this stay order." It fairly well appears, therefore that this respondent has reasonable security for the payment of his judgment if, in the disposition of the writ of *certiorari* which has been granted, this Court affirms that judgment.

Turning, however, to the strict technical phase of the question under consideration in this cause which arose in equity, and keeping in mind that the order under attack is in fact (the name ignored) a *supersedeas*, we find that the question presented has been determined by this Court adverse to the granting of the motion. In *Blake* v. *Dodge, supra*, it was held: "If the *supersedeas* be granted by a judge in vacation, all that the Court can do, upon a motion to discharge the *supersedeas*, is to see that the order superseded was of the character contemplated by

the statute.'' In *Woods et al.* v. *Batey*, 83 Tenn. 733, 736, this Court said: ''We are clearly of opinion that this Court has no jurisdiction to supersede the fiat of a Judge merely granting writs of *certiorari* and *supersedeas* to remove a case from an inferior to a superior tribunal . . .''

For the reasons given, we think it proper to overrule the motion of respondent to vacate the order in question.

NEIL, C. J., and BURNETT, J., concur.

PREWITT and GAILOR, JJ., did not participate.