Redmond v. Redmond.

MARY A. REDMOND et al. v. Y. W. REDMOND.

1. SUPERSEDEAS. *How and in what cases supreme court can exercise it.* Under the authority given the supreme court by secs. 3933, 3934, 4512 and 4513 of the Code, to supersede interlocutory orders and decrees, that court can simply suspend or supersede, for the time being, the execution of such orders and decrees as are of a nature to be actively and affirmatively enforced, and are *in fieri;* but have no power, in this mode, to reverse the action of the inferior court, or to set aside, or annul, or supersede orders or decrees, which are merely of a negative or prohibitory character, or such as have been executed.

Cases cited : McMinnville & Manchester R. R. Co. v. Huggins & Price, 7 Cold., 217 ; Mabry v. Ross, 1 Heis., 769.

2. SAME. *Chancellor's fiat.* Nor has the supreme court, in a proceeding of this character, the power to supersede the *fiat* of a chancellor awarding extraordinary process.

FROM WILLIAMSON.

Appeal from the Chancery Court. W. S. FLEMING, Chancellor.

HARRISON & BRADFORD for complainants.

WALLACE, CAMPBELL, McEWEN and BULLOCK for defendant.

McFARLAND, J., delivered the opinion of the court.

Two cases are pending in the chancery court at Franklin—one styled "America Redmond et al. v. Y. W. Redmond," and the other "Mary A. Redmond et al. v. Y. W. Redmond"—when, on the 23d day of

36—VOL. 9.

December, 1876, a bill supplemental, as it is styled, was filed against the same defendant by Mary Ann Redmond and others, praying for an attachment of Redmond's estate in aid of the proceedings. The process was awarded by a *fiat* of a chancellor, and issued, and returned executed on the 16th of January, 1877. Y. W. Redmond presented his petition, in which he shows that an attachment had issued under said bill to Williamson county, and been returned levied upon certain property, and in which he prays that the attachment and levy thereof upon his property be discharged. This relief is prayed for upon the ground that upon the face of the bill the process was not authorized, and that the same was void upon its face. The defendant thereupon moved in open court, upon the face of the supplemental bill and attachment and upon his petition, to dismiss the bill and quash the attachment, upon the following grounds: 1st. The bill did not allege that it was the first application for attachment. 2d. That the bill contained no statement of the amount of the alleged claim or demand against the defendant. 3d. That there was no allegation that the claims or demand were just. 4th. That the pauper oath to the bill was taken by part only of the complainants. 5. That the attachments themselves did not state upon their faces the things required by the Code to be stated in writs of ancillary attachments. Pending this motion, the complainants moved to amend by showing it was the first application for attachment, and also as to the pauper's oaths; and the court was of the opinion, as shown

in the decree, that in these two respects the proceedings were amendable, and that the other grounds stated for this motion, and in the petition, were not well taken, and thereupon denied the motion to dismiss the bill and quash the attachments, and allowed the complainants to amend in the two particulars mentioned. This is the entire substance of the decree.

Another order was made on the 19th of January, but it is not material to notice it.

On the 23d of January, 1877, Redmond presented his petition to one of the judges of this court, accompanied by a transcript of the supplemental bill, petition to quash, and the two decrees responded to, the attachment, including an attachment to Davidson county, and the return thereof of the execution of the same by a garnishment served on Edgar Jones, cashier of the Third National Bank of Nashville, and the answer of Jones to the garnishment. The petitioner prays for a *supersedeas,* in these words: "Petitioner prays your Honor to grant him a writ of *supersedeas* superseding the execution of said interlocutory decree, so far as the same does or can warrant the writ of attachment so issued to the county of Davidson and the steps so taken thereon, and so far as the same does or can warrant the issuance of any other writ of attachment against his estate; and the *fiat* of the chancellor, so far as the same does or can warrant the issuance of any other attachments hereafter against the estate of the petitioner; such other relief," &c.

The *fiat* of the judge grants the *supersedeas* prayed for, "upon the usual bond."

A motion is now made in this court by the complainants to discharge the *supersedeas,* and by the defendant to extend the same to the full extent authorized by the judge's *fiat* when the *supersedeas* issued, it is said does not do.

We have several times followed the construction given to the section of the Code on this question in the case of the *McMinnville R. R. Co. et al.* v. *Huggins & Price,* 7 Cold., and in *Mabry* v. *Ross,* 1 Heis., 769. That is, that under the authority given to supersede interlocutory orders and decrees, we can simply suspend or supersede, for the time being, the execution of such orders and decrees as are of a nature to be actively and affirmatively enforced against a party in *fieri,* but we have no power in this mode to reverse the action of the inferior court, or set aside, or annul, or supersede orders or decrees which are merely of a negative or prohibitory character, or such as have been executed. We cannot, therefore, supersede an order granting an injunction, as this requires nothing to be done, but is simply prohibitory; nor can we supersede an order dissolving an injunction, as the decree directs nothing to be done to supersede. Such an order would be to grant an injunction.

We have only to apply these principles to the present case. What is the decree of the chancellor which is superseded? What does it order and adjudge? 1st. The decree refuses to dismiss the bill upon motion, or to quash the attachment and levies. It is too clear for argument that we cannot supersede

Redmond *v.* Redmond.

that part of the chancellor's decree refusing to dismiss the bill upon motion. This would be upon application for *supersedeas* to reverse the decree of the chancellor and dismiss the bill. But, 2d, can we supersede that part which refuses· to quash the attachments and discharge the levies? The chancellor's decree in this respect requires no execution—it simply refuses to take the action invoked by the defendant. The motion ·was refused. How can we supersede the execution of this order? How shall we say that his refusal to make the order moved for shall not be executed? The effect of this would be simply to do what the chancellor refused to do. He was asked to quash the attachments and levies, and refused. ' But suppose we supersede his refusal and say his order of refusal shall not be molested, what effect does this have on respondent? Simply to leave it as before, unless we go further and say the process shall be quashed. This we certainly cannot do.

But it is said that this order is susceptible of being affirmatively enforced, because the effect of it is to require the defendant to plead or answer at once, which he should not have been required to do. It can hardly be maintained that· an order of a chancellor refusing to dismiss a bill upon motion for want of equity and requiring the defendant to answer, could be superseded by this court. If so, we could stop all further action in the court below and yet have the cause pending; for a *supersedeas* does not bring up the case, but leaves it still pending in the court below.

But it is argued that the attachments in this cause

were absolutely void. Suppose they were, this court
has no power in this mode to quash the power or
declare it void. This application was made to the
chancellor, he decided otherwise; his action is not yet
before us for review, further than to determine whether
he has made any decree the execution of which, for
the time being, we may supersede, and, as we have
seen, the only decree made is not of a nature to be
executed at all, there is nothing to supersede. We
can, in this mode, no more reverse the chancellor for
refusing to declare this process void than we could
reverse any other error. It can hardly be contended
that we may supersede that part of the chancellor's
decree allowing the amendment. Such an order does
not come within the scope of a *supersedeas.*

Again, it is said we may supersede the *fiat* of the
chancellor awarding the process, and this is in part
the prayer of the petition. We do not think there
is any authority for this; there is none in the stat-
ute. We may supersede interlocutory or final orders
or decrees, but not the *fiat* of a judge granting ex-
traordinary process. If we are to be called upon to
supersede the orders of judges and chancellors granting
extraordinary process, and direct the clerks not to
obey their *fiats,* we will have a new field, an exten-
sive field of labor—one, we think, not authorized by
our laws; besides, in this case the *fiat* had been ex-
ecuted. The attachment to Davidson county, which
is especially complained of, was executed returned be-
fore the *supersedeas* was granted. Whether the levy
was valid or not, is not now material.

Redmond v. Redmond.

But again, the prayer of the petition is to supersede the decree and *fiat* of the chancellor so far as it does or can warrant the issuance of any other attachment hereafter. This is certainly novel. There is nothing in the decree about the issuance of another attachment, and it will be time enough to supersede orders after they are made. It is not even stated that any other attachment is apprehended. Besides, it is not intended for a *supersedeas* to operate as a bill of peace.

It is earnestly argued that the service of the garnishment on the Third National Bank did not attach or impound the funds of the defendant in the bank, and that the cashier has shown by his answer that he had no funds in his hands. All this may be true, but this question is not before us. The chancellor, so far as appears in this record, has not acted upon this answer of the garnishee, or upon a motion to discharge him.

We are of opinion that the *supersedeas* must be discharged.