STATE *ex rel.* DAUGHERTY *v.* ROSE.

(*Jackson.*  April Term, 1934.)

Opinion filed May 31, 1934.

490

BRINGLE & BRINGLE, of Covington, for plaintiff in error.

SANFORD & TIPTON, of Covington, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

By his appeal the relator seeks a reversal of the judgment of the trial court denying him the custody of his child, Richard Daugherty. The hearing was before the county court of Tipton County, given jurisdiction, concurrent with chancery and circuit courts, to hear and determine *habeas corpus* cases. Chapter 607, Priv. Acts 1911.

The cause was heard by the court upon the petition, the writ, the return or answer, and oral testimony. The evidence was preserved by a bill of exceptions, an appeal was prayed and granted, and errors complained of are indicated by appellant's assignments of error. Because there was no motion for a new trial indicating errors and affording the trial judge opportuni-

ty to correct them, it is insisted by the appellee that there can be no review of alleged errors of law and fact. In *Hebert* v. *Coleman,* 3 Tenn. Civ. App. (3 Higgins), 319, upon authority of *Railroad Co.* v. *Johnson,* 114 Tenn., 632, 88 S. W., 169, and *Weakley County Road Commissioners* v. *Railroad,* 123 Tenn., 257, 130 S. W., 768, the court said a motion for a new trial is necessary to a review in *habeas corpus* cases. We do not concur in that conclusion as applied to *habeas corpus* cases. By section 9699 of the Code it is provided that upon return of the writ any issues made shall be tried in a summary way, meaning that the trial shall proceed to a speedy determination, without the formalities attending ordinary legal proceedings and shall be tried by the judge without a jury. See *State ex rel.* v. *Howse,* 134 Tenn., 84, 183 S. W., 510, L. R. A., 1916D, 1090, Ann. Cas., 1917C, 1125. When such proceedings involve the custody of children, they are not decided according to the strict legal right of the petitioner but are dependent upon the child's welfare. By the common law, doubtless re-enforced by the proprietary theory of the Roman law, the father was the legal custodian of his child and could reclaim it regardless of the child's welfare or interest, but the common law has yielded to human considerations, so that now cases are not decided according to the strict legal right of the petitioning parent, but according to the best interest of the child. *State* v. *Paine,* 4 Humph., 529; *State* v. *Kilvington,* 100 Tenn., 227, 45 S. W., 433, 41 L. R. A., 284; *Kenner* v. *Kenner,* 139 Tenn., 221, 201 S. W., 779, L. R. A., 1918E, 587.

██ ██ As heretofore stated, the procedure is summary, and, moreover, in determining the right to custody of children the judge is required to exercise a judicial

discretion. *Barlow* v. *Barlow*, 141 Ga., 535, 81 S. E., 433, 52 L. R. A. (N. S.), 683. Both procedure and substantive law run counter to rules applicable in law causes. The decision of the trial judge determinative of the custody of a child or the liberty of a citizen cannot be given the force and effect of the verdict of the jury, or upon waiver of the jury the force and effect of the finding of the trial judge as in law causes reviewable only upon motion for a new trial, as in *Railroad Co.* v. *Johnson, supra.*

The adoption of such a rule would reduce the broad inquiry and the exercise of discretion by the trial judge in *habeas corpus* cases to the narrow consideration of whether or not there was any material evidence in the record to support the trial judge's disposal of the custody of a child or the liberty of a citizen. For that reason we are constrained to conclude that a motion for a new trial is not necessary to a review on appeal in *habeas corpus.*

We have considered the evidence upon which the trial judge refused to sustain relator's claim to custody of the child and upon which he rested the conclusion that it was against the interest and well-being of the relator's son, Richard Daugherty, aged eight years, to send him away from a secure environment where he is well cared for and carefully nurtured to Illinois among strangers, in custody of his father, who lost control by cruelty to the mother and child, and neglected the child until he commenced this proceeding. A review of the facts which support the decree of the trial judge is shown in the memorandum filed.

Affirmed.