CECIL *v.* STATE *ex rel.* CECIL.

(*Nashville,* December Term, 1950.)

Opinion filed March 9, 1951.

NEIL S. BROWN and HOMER B. WEIMAR, both of Nashville for appellant.

JUDSON HARWOOD, of Nashville, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a habeas corpus petition filed by the father, Samuel Reber Cecil, against the mother, Florence Evelyn Cecil, to secure the custody of their 9-year-old son, Charles Vinton Cecil. The parents were divorced by a decree of the Superior Court of Spaulding County, Georgia, on February 4, 1946, and in the final judgment of divorce, the custody of the minor son was awarded to the mother with a monthly allowance of $60 for alimony and support. On June 27, 1946, a petition was filed by the father to have the custody changed from the mother to the Petitioner, father. A rule nisi was issued and served on the mother, requiring her to show cause why the prayers of the petition for change of custody should not be granted. That she had notice of this petition was evidenced by the fact that she, through counsel, filed a plea to the petition. Plea having been overruled, the petition was set for hearing on the merits on July 20, 1946, and when on that date, it came on to be heard, the mother had fled the jurisdiction of the Court. Thereupon, in her absence, the Judge of the Georgia Court, acting upon the petition of the father, nullified the previous award of alimony and awarded the custody and control of the minor child to the father, Relator Samuel Reber Cecil.

Having learned that the mother had brought the little boy to Davidson County, the father, with the litigation between the parties in the state that we have related, filed the present habeas corpus petition in the Circuit Court of Davidson County. The mother filed an answer and there was a full hearing on evidence and on the merits. The Judge of the Circuit Court of Davidson County held and decreed as follows: "This cause came on to be heard this the 4th day of May, 1949, and former days on the petition and answer thereto and the testimony of witnesses examined orally in open court, together with a transcript of a proceeding in the Spaulding Superior Court, Spaulding County, Georgia, and the entire record, and it appearing to the Court that the defendant, Florence Evelyn Bennett Cecil, has been adjudged by the Georgia Court not to be a fit person to have the custody and control of the child of the parties, Charles Vinton Cecil, and that it is to the best interest of said child for it to remain in the custody and control of its father, and it further appearing to the Court that the defendant has not shown that circumstances have changed since the entry of that decree, making it manifestly to the interest of the child that the custody as awarded by the Court be changed and given to her, but on the contrary the Court finds that from the testimony in this cause that it is for the best interest of said child that it be under the care, custody and control of its father, it is therefore, ordered that Samuel Reber Cecil take charge of him, including the right to remove said child from the State of Tennessee and into the State of Georgia to be there subject to the further orders of the Georgia court having original jurisdiction of all the parties."

From this decree the Defendant has perfected the present appeal.

■ In cases involving child custody, the decision of the Trial Judge who saw and heard the witnesses, is to be given great, if not controlling effect, and we will interfere only where we find a palpable abuse of discretion, or a judgment against the great weight of the evidence. *Davenport* v. *Davenport,* 178 Tenn. 517, 160 S. W. (2d) 406; *State ex rel. Parker* v. *Parker,* 191 Tenn. 564, 235 S. W. (2d) 580.

Furthermore, on the present petition and the facts therein stated and later proved, the Circuit Court of Davidson County could do no more than recognize the jurisdiction of the Superior Court of Spaulding County, Georgia, and in recognition of the decree of that Court, made a part of this record, return the custody of the minor to his father.

" 'We are of the opinion that as between the parents, parties to the litigation, the decree of the foreign court awarding the custody of the children is res adjudicata, subject, as between those parties, to modification only by the court that granted the decree.' " *State ex rel. French* v. *French,* 182 Tenn. 606, 609-610, 188 S. W. (2d) 603, 604; *Kenner* v. *Kenner,* 139 Tenn. 211, 223, 201 S. W. 779, L. R. A. 1918E, 587.

■ As we understand the limit of this rule, it is to the effect that where the custody of a child has been established by the decree of a foreign court, the Courts of Tennessee will interfere to upset the effect of that foreign decree only when it is manifest that there has been such a change in the circumstances, condition and situation of the parties as makes it necessary on account of the welfare of the child, that the Tennessee Courts should interfere. The Trial Judge found that there was abso-

lutely no evidence in the present case, to bring it within the exception, and we must, therefore, recognize the Georgia decree and the jurisdiction of the Georgia Court. The Trial Judge so held, and we affirm his judgment.

All concur.