# IRMA J. DEARING v. CHARLES E. DEARING.— 362 S. W. (2d) 45.

Middle Section. June 29, 1962.

Certiorari Denied by Supreme Court October 4, 1962.

Charles Morrow, Nashville, McAllen Foutch, Smithville, Charles F. Brown, Nashville, for plaintiff in error.

C. Allen High, Nashville, for defendant in error.

SHRIVER, J. The instant suit was commenced by the petitioner Charles E. Dearing who sought the custody of the five minor children of the parties. The original suit named as defendant the mother of the children, Irma J. Dearing, and upon proper motion the maternal grandfather of the children, Elijah Woosley, a resident of Warren County, Tennessee, was allowed to intervene as the custodian of the youngest child who had spent most of its life with the said grandfather.

The defendant, Irma J. Dearing, filed a plea in abatement attacking the jurisdiction of the Fourth Circuit

Court of Davidson County, Tennessee on the ground that the original divorce suit was filed and heard in the Dade County Circuit Court of Florida, which Court granted Irma J. Dearing a divorce and awarded her the custody of said children, it being averred that jurisdiction was still in the Florida Court.

The plea in abatement was overruled and the cause was heard before Honorable Benson Trimble, Judge of the Fourth Circuit Court of Davidson County, Tennessee, on its merits.

After hearing the proof the Court appointed a Special Master to investigate the circumstances, living conditions, etc., of the petitioner Charles E. Dearing, a major in the United States Air Force stationed at Greenville, South Carolina.

After reviewing the report of the Master the Court awarded the custody of the children to the petitioner, Charles E. Dearing.

Thereafter, defendant filed a motion for a new trial which was heard and overruled by the Court and she perfected her appeal to this Court.

The intervening petitioner, Elijah Woosley, did not appeal from the decision of the Trial Court.

After the appeal was granted and perfected to this Court, the defendant, Irma J. Dearing, filed a petition for Writ of Certiorari and Supersedeas for the purpose of superseding the order of the Trial Court granting custody of the children to the petitioner Charles E. Dearing who proposed to take them with him to his home in South Carolina. The Writ of Supersedeas was granted upon a fiat of a Judge of the Court of Appeals but, thereafter,

on consideration of the record and the entire matter, and on motion of Charles E. Dearing to vacate the order of Supersedeas, the Court did vacate same upon condition that Charles E. Dearing execute a bond in the amount of $1,000.00 to be void if the minor children of the parties be produced and delivered in Court in response to any future order entered in this case by the Court of Appeals or by the Trial Court on remand. Said bond was executed and Charles E. Dearing took the children into custody.

The cause is now before this Court on the record of the Court below and upon assignments of error filed herein.

There are six assignments which challenge the jurisdiction of the Fourth Circuit Court of Davidson County to award custody of the children and setting forth that the original jurisdiction was in the Dade County Circuit Court of Miami, Florida and, further, that jurisdiction of the youngest child, Allan Dearing, was either in the Florida Court or in the Courts of Warren County, since the child was not a resident of Davidson County at the time of the filing of the petition and the hearing thereon and, finally, that jurisdiction of the children, is in the Juvenile Court of Nashville under Section 37-243, T. C. A., if not in the Florida Court.

The record shows that the parties to this cause were divorced on May 9, 1958 in the Circuit Court of Dade County, Florida, and the defendant, Irma J. Dearing, was awarded custody of the minor children, to wit; Charlotte Dearing age 16, Linda Dearing age 15, Charles Dearing age 13, Nancy Dearing age 9 and Allan Dearing age 7.

In that proceeding the custody of the children was not litigated but it is shown that these minor children were

actually residing in Davidson County, Tennessee, at the time the divorce was granted in Florida and they continued to reside in Davidson County until they were removed by the father on the order of the Circuit Court. This is true with the exception of the youngest child, Allan Dearing, who has resided most of his life with his maternal grandparents in McMinnville, Tennessee, as hereinabove set forth.

The petitioner Charles E. Dearing is a major in the United States Air Force, as hereinabove stated, and is stationed at Greenville, South Carolina. He has remarried since his divorce from Irma J. Dearing and his present wife is a captain in the Air Force Medical Corp.

On May 9, 1961 petitioner received a letter from neighbors of defendant in Nashville, Tennessee, which notified him that the children were not being properly cared for. Therefore, petitioner came to Nashville to investigate the statements in the letter and, upon becoming convinced that they were true, he filed this suit.

At the hearing seven neighbors testified on behalf of the petitioner about the conduct of the defendant. This testimony was to the effect that the defendant generally went out at night leaving the children alone. She remained out until late hours and, in addition to that, she manifested very little interest in her household duties and did not keep the house in presentable condition; that the lights and heat had been cut off at defendant's home four different times for non-payment of the bills; furthermore, that a male companion of the defendant often spent the night with her and slept in the room with her.

On the night of May 2, 1961 Patrolman G. W. Hooper went to the home of the defendant to arrest her on a bad

check charge and did not find her at home but the children were there alone. On the night of May 4, 1961 he found the defendant and placed her under arrest and testified that she had been drinking at the time. He called a Sheriff's Deputy, Mr. McClard, who handles Juvenile matters for the Sheriff's Office, and McClard testified that when he arrived at the Dearing home the house was in a state of disorder, dirty dishes of long accumulation were piled on the table, the house was not clean and showed signs of not having been cleaned for sometime, and the beds were not made. Deputy McClard took the children to the Juvenile Detention Quarters where they were housed over night while their mother was in jail.

The defendant's 16 year old daughter testified that her mother spent most of her evenings at a place called ''The Rendezous.''

Defendant did not testify and no proof was offered on her behalf.

As is pointed out in the brief and argument of counsel for the petitioner, the essential question presented by the first four assignments of error is, does the Circuit Court of Davidson County have jurisdiction to change custody of minor children who are residing in Davidson County when the custody was awarded by a foreign Court that granted the parties a divorce.

It is to be remembered that the children were residing in Davidson County at the time the divorce was granted and continued to reside in Davidson County up until this action was heard and determined.

■ While it is true that a decree of a Court of another State granting a divorce to a husband or wife with cus-

tody of the children is binding on the Courts of this State, it is also true that this rule is qualified by the proposition that if the children are domiciled in Tennessee and there is such change in the circumstances surrounding them since the divorce as would call for action on the part of the local Courts to protect them, jurisdiction is assumed in such cases by the Courts of our State.

In the case of Kenner v. Kenner, 139 Tenn. 211, at page 223, 201 S. W. 779 at page 782, L. R. A. 1918E, 587, it was stated;

"We are of the opinion that as between the parents, parties to the litigation, the decree of the foreign court awarding the custody of the children is res adjudicata, subject, as between those parties, to modification only by the court that granted the decree. [Citing cases.]

However, we think this doctrine should be understood with the qualification that, in case of the removal of the child to another state, even within the custody of the parent to whom that custody had been awarded by the foreign decree of divorce, the courts of the state to which the removal has been effected will have the power, on a change of circumstances showing such course essential to the best interests of the child, to make a new disposition of the child." [Citing cases.]

See also State ex rel. French v. French, 182 Tenn. 606, 188 S. W. (2d) 603; Alexander v. Alexander, 39 Tenn. App. 521, 286 S. W. (2d) 104 and Cecil v. State ex rel. Cecil, 192 Tenn. 74, 237 S. W. (2d) 558.

In Alexander v. Alexander, supra, the Court stated that if there is such change in the circumstances surrounding the child as would call for action on the part of the local Court to save the child from exposure to danger or great harm then it could not be denied that the Tennessee Court had the power to act.

In State ex rel. Daugherty v. Rose, 167 Tenn. 489; 71 S. W. (2d) 685, the court observed:

"When such proceedings involve the custody of children, they are not decided according to the strict legal right of the petitioner but are dependent upon the child's welfare."

■ We agree with counsel for the petitioner that the Fourth Circuit Court of Davidson County, acquired jurisdiction of the children involved herein under the facts shown in the record, when the petition was filed by the father of the children and there was personal service of process on the mother who resided in Davidson County at the time with said children.

■ As to the question of jurisdiction of the youngest child who resided in Warren County with its maternal grandmother and grandfather at the time, we think the Circuit Court of Davidson County acquired jurisdiction of this child when its custodian, the grandfather, Elijah Woosley, intervened in said cause contesting the right of the father to the custody of said child especially since the mother who was the legal custodian of the child, was also a party defendant and served with process.

■ As to the question of the Juvenile Court of Davidson County in this case we think the Statutes 37-201 et seq., T. C. A., do not apply and that the Juvenile Court

did not acquire jurisdiction of these children to change the custody from that of the mother to the father. The mere fact that the children were taken to the Juvenile Detention Home to spend the night did not confer jurisdiction on the Juvenile Court so as to preempt jurisdiction of the Fourth Circuit Court of Davidson County which was created especially as a family or domestic relations Court by Chapter 44, Public Acts of Tennessee for 1957.

It appears from examination of the record that the trial Judge gave this case very careful consideration and acted in a manner to protect the best interests of these minor children. He made adequate provision for visitation rights on the part of the mother and his order that the youngest child Allan should join the brothers and sisters in the father's home after the end of the school year in 1962 and, further, that the Court would re-evaluate the status of the youngest child and make a final decision as to his permanent custody at the end of the Summer of 1962, we think were wise provisions.

It results that the assignments of error are overruled and the judgment of the Trial Court is, in all things, affirmed and the cause is remanded to the Trial Court for such other and further future orders as may be necessary and proper in the circumstances.

The costs below will abide the judgment of the trial Court. The costs of appeal will be equally divided between the parties.

Affirmed and remanded.

Humphreys and Chattin, JJ., concur.