**Patricia Ann Scivally LEWIS (Delius),
Plaintiff–Appellant,**

v.

**Frederick John LEWIS,
Defendant–Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

July 16, 1987.

Application for Permission to Appeal
Denied Sept. 28, 1987.

Daniel Loyd Taylor and Herbert Benham III, Fisher, Taylor and Warlick, Memphis, for plaintiff-appellant.

David E. Caywood, Picard and Caywood, Memphis, for defendant-appellee.

FARMER, Judge.

The plaintiff, Patricia Ann Scivally Lewis, appeals from the trial court's granting of a motion to modify a final decree of divorce filed by the defendant, Frederick John Lewis.

A final decree of divorce was entered on February 4, 1980. As part of the decree the trial court approved the parties' "alimony, support and property rights agreement." Therein, the parties agreed in pertinent part as follows:

> *CHILD CUSTODY.* The parties agree that the Wife shall have full custody and control of the minor children of the parties, namely, Meredith Elizabeth Lewis, age 6, and Frederick John Lewis, Jr., age 2. . . .
>
> . . . .
>
> *EDUCATION OF CHILDREN.* Both of the parties hereto anticipate that the education of their minor children, prior to college, may be in private schools. In the event that either, or both, of the children are enrolled in a private school, then the Husband agrees to pay to the Wife an amount equal to the cost of tuition and the cost of books for each child then enrolled in a private school. Under no circumstances shall the Husband's payment to the Wife exceed One Thousand Five Hundred Dollars ($1,500.00) per year per child.
>
> It is expressly understood and agreed to by the parties herein that the Husband has the right of approval with regard to the private school, if any, each of his children shall attend. In the event that the Husband does not approve the choice of private school on behalf of a child, then in such event the Husband is not responsible for any payments on behalf of the private education of that child.

On May 21, 1986 the defendant filed a petition to modify the final decree of divorce. The defendant alleged that the plaintiff would remove the parties' minor son from a private elementary school, which he had been attending for some time, to a public elementary school. According to the defendant, it would not be in the child's best interests to remove him from the private school. Relief sought by the

defendant consisted of an award of joint custody, without removing the child from his parental home, and a ruling that would allow the son to remain at the private school.

The trial court ruled on the merits of the petition as follows:

[T]he Final Decree of Divorce previously entered in this cause should be amended to state that Plaintiff shall have full custody and control of the parties' minor child, Frederick John Lewis, except as to those matters pertaining to his education; that by consent Defendant is to pay all of the costs incidental to his minor son's private education including the costs of transporting the son to and from the school of Defendant's choice....

The plaintiff has perfected this appeal contending that the trial court erred in modifying the final decree of divorce. We will review the findings of fact of the trial court *de novo* with an accompanying presumption of correctness. T.R.A.P. 13(d).

The evidence adduced at the hearing included the testimony of the parties and a stipulation of fact. According to the evidence the parties' child, who at the time of the hearing was eleven years old, had attended a private school, Lausanne, from preschool through the fifth grade. The defendant testified that the child had excelled academically in what he described as an excellent school. While the parties' settlement agreement required the defendant to pay $1,500.00 per year for the education of the child, the defendant testified that he had always paid the full tuition at Lausanne, which at the time of the hearing approximated $3,000.00 a year. The defendant also stated that the child was satisfied with Lausanne.

The plaintiff conceded that the child desired to remain at the private school; however, the plaintiff also stated that she had been dissatisfied with Lausanne since the child was in the third grade. According to the plaintiff, a "lot of changes" had occurred at the school and the student enrollment had dropped. During the child's fourth-grade year the plaintiff decided to transfer him from Lausanne to a public school, Snowden Elementary School (Snowden). The plaintiff, who is a social worker, had come into contact with the Snowden officials through her occupation and was "impressed with the attitude of the school." According to the plaintiff, Snowden would be in close proximity of her work and to her new residence. Prior to actually enrolling him in the public school, the plaintiff and the child inspected the Snowden facilities and met with his prospective teacher.

Should the child attend Snowden he would be enrolled in the "optional program." According to the stipulation of fact:

A sixth grader in the optional program would take the same subjects as any other child would in any other Memphis City School. However, since all of these children in the optional program are so much brighter than the average child in the Memphis City Schools, the teachers have enrichment programs for these children in addition to the regular Memphis City School curriculum. By enrichment programs, the school officials mean extra activities for these bright children....

The basic curriculum includes music, math, science, social studies, and language arts.

. . . .

Snowden School is the only Memphis City School that has an elementary band program....

Although there are no formal requirements for a teacher to teach in an optional program, most of the teachers that teach in the optional program have been there about ten or eleven years. The principal at Snowden School picks only the best teachers to become optional school program teachers.

At the conclusion of the hearing, the trial judge stated:

Well, it's not a change of circumstances. I just want the child to stay where it

is, where it's happy, and that's the way the Court feels about it, and I think the school, Lausanne, would be much better than a public school. I don't think there's any question about it, and that's what the Court is going to order....

■ The essence of the plaintiff's appeal is that the trial court erred in granting "educational custody" to the noncustodial parent. While we will review the record to determine whether the evidence preponderates against the trial court's decision to modify the divorce decree,[1] it is unnecessary for this Court to consider whether the child's best interests would be disserved should he be removed from Lausanne and enrolled in Snowden. As stated by counsel in oral arguments, the child has completed the sixth grade and will attend the seventh grade in the fall. Snowden does not provide instruction to students beyond the sixth grade. Thus, the question whether the enrollment of the child in Snowden would be in his best interests is now moot. This Court then will review the record to determine whether the evidence preponderates in favor of the trial court's decision to modify the divorce decree so that the noncustodial parent may decide where the child will attend school.

Our review of the record convinces us that both parents have the best interests of their son at heart, and the decision of where he attends school is best kept with the plaintiff as the custodial parent. We find this decision to be in harmony with *Strube v. Strube*, 53 Tenn.App. 88, 379 S.W.2d 44 (Tenn.App.1963), wherein appellant argued that a material change in circumstances, justifying a change in custody, arose when the appellee enrolled the par-

ties' son in a military school and planned to enroll their other son in the same school. As stated therein:

> We think the question of sending the child or children to the military school was one of parental authority which appellee was entitled to decide without interference from or supervision by the courts of Tennessee. Custody of the child in question had been granted to appellee, and the circumstance that he was or would be separated from both parents during the nine months school session is, in our opinion, a matter with which the Tennessee courts are not concerned.

*Id.*, 379 S.W.2d at 52. Thus, the decision to determine which school a child should attend usually rests with the custodial parent. *See generally*, Annotation, *Noncustodial Parent's Rights As Respects Education Of Child*, 36 A.L.R.3d 1093 (1971). *See also* 67A C.J.S. *Parent & Child*, § 50 (1978) ("The custodian of the child usually is the one to decide the extent and place of education of the child beyond that which is provided by the public school system, subject to the approval of the court in cases where the other parent is required by the court to pay for the education."); *accord Majnaric v. Majnaric*, 46 Ohio App.2d 157, 347 N.E.2d 552 (Ohio App.1975).

■ Based on the foregoing we hold that the evidence preponderates against the trial court's decision to modify the final decree of divorce and find that the mother has the right, as the custodial parent, to determine which school the child shall attend. We reverse the decision of the trial court and assess costs against the appellee for which execution may issue if necessary.

---

1. Apparently the trial court viewed its decision as a mere amendment to the final decree of divorce. The divorce decree was entered in 1980 and since no appeal was taken from that decree within the time allowed by law, that decree is "valid, subsisting and enforceable until modified or vacated by the Trial Court or an appellate court." *Mittwede v. Mittwede*, 490 S.W.2d 534, 535 (Tenn.App.1969). Further, neither the defendant nor the trial court sought an amendment of the divorce decree within thirty

days in accordance with T.R.C.P. Rules 59.04 or 59.05. Therefore, the trial court's decision, which effectively is a change of custody from the divorce decree of 1980, must be viewed as a modification of the decree. In order for the modification to stand the record must reveal some new fact that has occurred since the entry of the decree which has altered the circumstances in a material way such that the welfare of the child requires a change in custody. *Walker v. Walker*, 656 S.W.2d 11, 16 (Tenn.App.1983).

Appellant's motion for attorney fees incurred in this appeal is denied.

CRAWFORD and HIGHERS, JJ., concur.