Kimberly Denise HAYNES (Koralewski), Plaintiff/Respondent/Counter–Petitioner/Appellee,

v.

Roger Dale HAYNES, Defendant/Petitioner/Counter–Respondent/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 1, 1995.

Mark Walker, Haynes, Walker & Freeman, Goodlettsville, for plaintiff/appellee.

Thomas Edward Nelson, Nashville, for defendant/appellant.

## OPINION

TODD, Presiding Judge.

The captioned defendant, Roger Dale Haynes (husband), has prosecuted two appeals from two post-divorce decree orders of the Trial Court. The appeals have been consolidated for hearing, but will be dis-

cussed separately because they relate to separate orders upon separate subjects.

On February 19, 1988, the Trial Court entered a final decree of which the pertinent provisions were:

1. Exclusive custody of the minor child of the parties was committed to the wife with specified visitation by the husband.

2. Wife was awarded child support of $75.00 per week. Upon thirty days delinquency in payment of child support, the Trial Clerk was ordered to issue to husband's employer a wage assignment notice. (The record does not indicate the issuance of a wage assignment notice until the next order entered by the Court.)

On March 13, 1992, the Trial Court entered a further order in response to petitions for contempt and modification of divorce decree. By said order, the husband was found to be in arrears in payment of child support in the amount of $3,840.00 as of January 29, 1992, and was ordered to pay the arrearage at the rate of $35.00 per week. However, such payments were suspended so long as the husband paid ½ of transportation costs for visitation. Also, child support was reduced to $72.00 per week and further reduced to $60.00 per week, so long as husband paid ½ of transportation costs for visitation. The same order required issuance to husband's employer of a wage assignment of $60.00 per week plus clerk's fees. The same order required husband to pay ½ of all "excess expenses" of the child.

On March 9, 1993, in response to husband's petition for modification of child support, the Trial Court entered an order requiring the husband to continue payments of $60.00 per week child support and $35.00 per week on arrearage which was found to be $3,000.00.

On March 18, 1993, the husband filed a petition to hold the wife in contempt for violation of visitation order and for change of custody.

Wife filed a counter-petition for judgment for arrearage and attorney's fees and for contempt.

On April 6, 1993, the Trial Clerk issued to husband's employer a wage assignment for weekly child support of $95.00 plus $4.75 clerk's fees.

On December 15, 1993, the Trial Court entered an order which states in pertinent part the following:

This cause came on to be heard on the 22nd day of November, 1993 before the Honorable C.K. Smith, Chancellor, of the Chancery Court, for Wilson County, Tennessee, upon the father's Petition for Change of Custody and Modification of the Final Decree, mother's Response and Counter–Complaint for Contempt, husband's Response to the Counter–Petition, statement of counsel, testimony of the parties in open Court, and the entire record in this cause, from all of which the Court finds:

1. That the father's Petition for Change of Custody should be denied, because he comes into Court with unclean hands having failed to abide by the previous orders of the Court in the payment of his child support arrearage.

2. That the father is in contempt of the prior orders of the Court for failing to pay $35.00 per week in arrearage payments for child support based on the Court's order entered March 9, 1993; however, said contempt is not willful as the husband's employer, Yellow Pages of Tennessee, Inc., is currently holding $798.00 from a wage assignment, which will purge the father of any contempt and bring his child support obligation and arrearage payment obligation up to date as of November 17, 1993.

. . . .

7. That the father shall be responsible for the Court costs in this matter for which execution may issue, if necessary, and each party shall be responsible for their own attorney fees.

Be it so ordered this the 15 day of Dec., 1993.

From the quoted order, the husband has perfected his first appeal and stated the following issues:

I. Whether the Trial Court erred in holding that the petitioner/appellant was in

contempt, although said contempt was not willful.

II. Whether the Trial Court erred in imputing the actions of the petitioner/appellant's employer to the petitioner/appellant.

III. Whether the Trial Court erred in refusing to hear the petitioner/appellant's petition for change of custody under the equitable doctrine of "unclean hands."

IV. Whether the decision of the Trial Court constitutes a transgression of the Code of Judicial Conduct, Tennessee Supreme Court, Rule 10, Canon 3.

T.C.A. Section 29–9–102 reads as follows:

**Scope of power.**—The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

(1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.

(2) The willful misbehavior of any of the officers of said courts, in their official transactions.

(3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts.

(4) Abuse of, or unlawful interference with, the process or proceedings of the court.

(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them.

(6) Any other act or omission declared a contempt by law....

It is seen that the power of the courts to punish for contempt is limited to those acts or omissions which are found to be willful, except for the sixth ground, "any other act or omission declared to be contempt by law."

It may be contended that such an exception is to be found in T.C.A. Section 36–5–104 as follows:

**Failure to comply with child support order—Criminal sanctions.**—(a) Any person, ordered to provide support and maintenance for a minor child or children, who fails to comply with the order or decree, *may, in the discretion of the court,* be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months.

(b) No arrest warrant shall issue for the violation of any court order of support if such violation occurred during a period of time in which the obligor was incarcerated in any penal institution and was otherwise unable to comply with the order. [Acts 1961, ch. 201, § 1; 1978, ch. 882, § 1; T.C.A., § 36–835.] (Emphasis supplied.)

The emphasized words in the quoted statute imply that only *culpable* failure to support is punishable as provided therein.

■■■ This Court holds that a finding of willful conduct must precede a judgment for contempt. Accordingly, a finding by a court that an act or omission is not willful must preclude a judgment of contempt. Therefore, the finding of the Trial Court numbered "2," above:

That the father is in contempt of the prior orders of the court ... is unjustified and is vacated.

The foregoing renders unnecessary any discussion of defendant's second issue.

■■■ Likewise, the absence of a valid finding of contempt vitiates the refusal of the Trial Court to hear defendant's petition for change of custody on the ground of "unclean hands" as cited in defendant's second issue. It should also be observed that "unclean hands" does not necessarily repel a petition regarding the welfare of a child which predominates over any offended dignity of the court. *See Strube v. Strube,* 53 Tenn.App. 88, 379 S.W.2d 44 (1963) and authorities quoted therein.

■■■ When proceedings involve the welfare of children, they are not decided according to the strict legal right of the petitioner, but upon the child's welfare. *State, ex rel Daugherty v. Rose,* 167 Tenn. 489, 71 S.W.2d 685 (1934). That portion of the judgment which denies a hearing on custody is therefore vacated.

Defendant's fourth issue is stricken as groundless and scurrilous. The ruling of the Trial Judge was made in good faith and constituted no ground for the accusation of misconduct.

### -Second Appeal-

On February 9, 1994, the wife, Kimberly Denise Koralewski, filed a petition for contempt for failure to pay the $60.00 per week child support and $35.00 per week on arrears, and praying that the defendant be found in civil and criminal contempt and incarcerated.

The defendant responded that his employer had withheld but failed to remit his assigned wages, and that his employment had been terminated in December, 1993.

By counter-petition defendant prayed for relief against his former employer, for reduction in child support, and for "a meaningful inquiry regarding actual arrearage."

On April 6, 1994, the Trial Court entered an order providing in pertinent part as follows:

This cause came on to be heard on the 29th day of March, 1994, before the Honorable C.K. Smith, Chancellor, upon the petition for contempt filed by Kimberly Haynes Koralewski, response and counter-petition filed by Roger Dale Haynes, response to counter-petition filed by Kimberly Haynes Koralewski, testimony of the parties in open court, testimony of personnel from the Clerk and Master's office in open court, and the entire record in this cause from all of which the court finds as follows:

1. That the respondent Roger Dale Haynes is in willful contempt of the prior orders of this Court for failing to pay child support as previously ordered and is currently two weeks in arrears as of the date of this hearing. That the respondent Roger Dale Haynes shall be sentenced to serve ten (10) days in the Wilson County jail for his willful contempt; however, the sentence shall be suspended for a period of thirty (30) days from the date of this hearing in order to allow the respondent to pay the sum of $190.00 in current child support arrearages plus the lawful clerk's commission of five percent (5%) in the amount of $9.50 for a total payment of $199.50 through the Clerk and Master's office. That if the respondent fails to pay within thirty (30) days then the respondent shall serve the ten days for his willful contempt.

2. That the respondent cannot rely on his employer to withhold his child support from his wages and forward them to the Court, since the employer has previously failed to do so. That the Court will assist the respondent in any way, including the issuing of a show cause order compelling the former employer to appear in Court, in an effort to retrieve the monies withheld by the respondent's former employer, but not paid into the Court.

3. That there has not been a substantial and material change in circumstances to warrant a modification in the previously ordered child support. That the Court finds that the respondent currently makes $320.00 per week and $16,640.00 annually, and that the defendant testified to having between one and six hours of overtime each week giving him additional income of $36.00 per week for a total weekly income of $356.00 and a total monthly income of $1,542.00. That the Court further finds that when applying the current guidelines to the income of the respondent that he is paying an amount of child support in substantial compliance to the guidelines.

. . . .

8. That the wife's attorney, Mark Walker, shall be awarded a $500.00 attorney's fee from the respondent, and the fee shall be a judgment for which execution may issue, if necessary.

From the quoted order, the defendant has appealed and stated the following issues:

I. Whether the Trial Court erred in holding that the respondent/appellant was in contempt, and that said contempt was willful?

II. Whether the Trial Court erred in awarding attorney fees to the petitioner to be paid by the respondent and in assessing the costs to the respondent?

III. Whether the Trial Court erred in finding that the respondent has failed to

carry his burden of showing a substantial and material change of circumstances had occurred regarding his change in income?

### -First Issue: Contempt-

■ The form of the judgment for contempt contained in paragraph numbered "1" in the above quotation is frequently used by the trial courts. However, in *Mayer v. Mayer*, 532 S.W.2d 54 (Tenn.App.1975), the trial court had impounded funds to satisfy child support, yet announced the defendant in contempt of court and "left that edict dangling over the head of defendant." This Court reversed and said:

> There is no such thing as a suspended sentence for civil contempt. There is also no such thing as contempt in futuro. Funds were available to the court to pay all amounts owing ... and, under this record, no finding of contempt of court should have been issued....

532 S.W.2d at 60.

In the present case, the Trial Court had seen fit to impound the defendant's salary by "wage assignment" as provided by T.C.A. § 36–5–501, et seq. The cited statute does not appear to prescribe a procedure for enforcement of an assignment. However, it occurs to this Court that the procedure in its initiation appears to be a form of execution or attachment by garnishment and that similar forms of enforcement are implied in the statute. That is, if an employer fails to comply with the assignment notice, a conditional judgment, *scire facias* and final judgment should ensue as provided by T.C.A. Section 26–209 for garnishees. Also, the powers of injunction and contempt are available to the courts to enforce wage assignments.

It is true that the issuance of a wage assignment does not ordinarily relieve the obligor of the obligation for child support. However, when a court has ostensibly impounded a part of a wage earner's earnings it would not ordinarily be in order to punish the obligor for failure to pay that which is impounded before full investigation of the results of the impoundment. It does not seem fair to expect a spouse to make a payment when the very means of payment has been impounded by the Court.

■ This Court respectfully disagrees with the notion that it is the duty of the obligor to enforce the assignment. The Court, on application of the beneficiary of the assignment, should enforce its order of assignment, just as a plaintiff and not the defendant, is required to initiate the enforcement of a garnishment.

Under the circumstances of this case, the judgment of "willful contempt" and "suspended sentence" is vacated.

This is not to hold that defendant is wholly innocent of neglect of his obligation. The amount of accumulated arrearage strongly suggests otherwise. However, such neglect was conditionally excused or waived when defendant was permitted to pay the arrearage in installments.

Defendant complains that, by the contempt order, he was forced to make double payment of child support also paid under the wage assignment. There is no showing that defendant has overpaid the accumulated arrearage, hence he has received credit upon a valid obligation for any amount paid by him or on his behalf.

### -Second Issue: Attorney's Fees-

Unquestionably, the delinquency in child support payments has necessitated the employment of counsel for enforcement. The Trial Court was therefore awarding a reasonable attorney's fee. T.C.A. § 36–5–103(a).

### -Third Issue: Change of Amount of Support-

The existing child support is in conformity with the guidelines relating to the income of the defendant as found by the Trial Court. The evidence does not preponderate otherwise. T.R.A.P. Rule 13(d). The order of the Trial Court in this regard will not be disturbed.

The plaintiff-appellee requests damages for frivolous appeal, but under the circumstances such relief is not in order.

In summary, the judgment entered by the Trial Court on December 15, 1993, is modi-

fied by deleting therefrom paragraphs numbered "1" and "2;" and the order entered by the Trial Court on April 6, 1994, is modified by deleting therefrom the paragraph numbered "1." As modified, said orders are affirmed. Costs of this appeal are taxed against the parties equally. That is each party shall pay one-half of said costs. The cause is remanded to the Trial Court for further proceedings.

Modified, Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.