# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

-----------------------------------------------------------------------

| | | |
|---|---|---|
| LORRAINE BURTON SPIERS MARCUS, | ) | Shelby Equity No. D-24968-2 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | Appeal No. 02A01-9611-CH-00278 |
| v. | ) | |
| | ) | |
| TRENT WRIGHT MARCUS, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

**FILED**

**July 1, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE FLOYD PEETE, CHANCELLOR

**LORRAINE SPIERS MARCUS**
370 Silver Plus Cove #8
Collierville, TN 38017
Pro Se Appellant

**DANIEL LOYD TAYLOR**
**CRAIG B. FLOOD, II**
100 North Main Street
Suite 2400
Memphis, TN 38103
Attorneys for Appellee

**REVERSED**

**WILLIAM H. INMAN, SENIOR JUDGE**

**CONCUR:**

**W. FRANK CRAWFORD, PRESIDING JUDGE (W.S.)**

**DAVID R. FARMER, JUDGE**

**O P I N I O N**

This case is a procedural quagmire.  The dispositive issue on appeal, though not of the merits, of the case, is whether the Chancellor was correct in declining to assume jurisdiction of it.

**History**

These parties were married in Shelby County, Tennessee on December 22, 1990.  In 1991 they moved to North Carolina where the appellee [Husband] enrolled in a medical school.  A child was born in North Carolina on November 19, 1991.

Husband filed a domestic relations action in North Carolina on October 22, 1992 seeking custody of the child.[1]  Wife answered and counterclaimed for custody, child support and *alimony pendente lite.*  The case was heard in course and an Order was entered on March 16, 1993 awarding primary custody of the child to *mother,* $500.00 monthly child support, and $500.00 monthly alimony *pendente lite.*  A visitation schedule was crafted by the Court.

In January, 1993, wife moved to Shelby County.  Husband moved to Blytheville, Arkansas in July, 1993, and shortly thereafter filed a petition in the North Carolina Court to amend the March 16, 1993 Order.  The North Carolina Court obliged, and amended the Order on September 30, 1993 to award *Husband* secondary physical custody of the child with considerable specificity.  Both parties were before the Court, each was represented by counsel, and neither questioned the jurisdiction.  The case was specifically retained for further Orders.

On November 22, 1994, pursuant to a show cause motion, Wife was found to be in both civil and criminal contempt for the deliberate violation of the September 30, 1993 Order respecting visitation, and her incarceration was ordered.

This was followed by another show cause Order which was heard on December 16, 1994.  *Wife* again was found in contempt because she refused to allow *Husband* his visitation privileges, and was again sentenced to jail.  The case was retained on the docket for further Orders.

---

[1]The parties did not separate, apparently, until the following month.  Husband did not seek a divorce presumably because North Carolina law required one year's separation as a condition precedent.

At the times the show cause motions were filed, neither party was a resident of North Carolina.  The child resided in Tennessee with the mother.

In September 1993, *Husband* filed a suit in Arkansas for a divorce, division of personalty, and a finding that neither party was entitled to alimony.  Wife moved to dismiss, on jurisdictional grounds, as to all relief sought except divorce.  This motion was granted, apparently (the record is unclear) on the theory that jurisdiction to hear all issues other than the divorce was retained by North Carolina.  In any event, the Arkansas Court retained jurisdiction for the purpose of determining whether or not *Husband* was entitled to a divorce.

On December 21, 1994, the Arkansas Court heard the *Husband's* complaint for divorce.  Both parties were present, and each was represented by counsel.  The Husband was found to be a citizen and resident of Arkansas since July 1, 1993; the wife was found to be a resident of Tennessee.

Husband was granted a divorce, and the Court expressly made no findings or conclusions about "any other matter."  Judgment was entered January 11, 1995.

But in the interim, and back to North Carolina, *Husband* moved to modify his secondary physical custody of the child and to terminate the alimony award.

The trial court found that *Husband* presently resided in Arkansas, but was a "citizen and resident of Forsyth County, North Carolina, six months prior to filing of this action."  This Order was entered November 22, 1994, *nunc pro tunc* to October 10, 1993.  Both parties appeared and each was represented by counsel.  Jurisdiction again was not questioned.

The obligation of *Husband* for alimony *pendente lite* was increased to $1,000.00 monthly.  Her attorneys' fees were awarded, and the existing custodial/visitation arrangement was continued.  Support for the child was increased to $1,000.00 per month.  The court expressly found that it "has jurisdiction over the parties and subject matter," and declared that the March 16, 1993 Order would remain in effect except as modified.[2]

---

[2]This particular motion was heard November 22, 1994 by Judge Sharpe, who did not hear the contempt motions.  Oddly enough, *wife* was held in contempt, with sanctions imposed, on the same day [11-22-94] by another judge of the same court.

3

Again, in the interim, wife, on December 19, 1994, filed a complaint for "an absolute divorce and injunctive relief" in the Chancery Court of Shelby County, Tennessee. She sought a divorce, custody, support and alimony, and alleged that the North Carolina Court was wrongfully exercising jurisdiction "over the custody issue" because neither party was a resident of North Carolina, and Tennessee was the home state of their child by virtue of the fact that the child had resided in Tennessee since December 30, 1992.

The defendant Husband moved to dismiss on non-specified grounds.

On April 18, 1995, *Wife* filed a "Petition to Enroll and Modify Foreign Decrees" in the Chancery Court of Shelby County, Tennessee. She referenced the March 16, 1993, September 30, 1993 and November 22, 1994 Orders of the North Carolina Court, and the November 10, 1993 Order of the Arkansas Court together with the January 11, 1995 Order of the Arkansas Court granting Husband a divorce.

She alleged that the three (3) North Carolina Orders, and the two (2) Arkansas Orders were entitled to full faith and credit in Tennessee, and consequently should be enrolled and enforced in Tennessee. She also sought sole custody of the child, alleging a change in circumstances mostly related to *Husband's* social life, with reasonable visitation privileges being accorded to him.

*Husband* filed a motion to dismiss this petition *without specifying the reasons therefor,* which was granted by Order entered November 14, 1995.

On December 11, 1995, Wife filed a Motion to Alter or Amend the judgment [of dismissal], alleging that 28 U.S.C.A. § 1738 requires a child's home state to give full faith and credit to child support orders of another state, and which grants to the home state the authority to modify the orders of such other state. *Wife* alleged that Tennessee was the home state of the child since she has resided in Tennessee since January 1, 1993.

*Husband* moved to dismiss the Motion to Alter or Amend because there was no legal basis for it and because "*wife* comes before the court with unclean hands" since she refused to obey the judgment of the North Carolina Court which she now seeks to enroll in Tennessee. This motion was granted and wife appeals.

4

**The Issue**

Should the trial court have exercised jurisdiction to enroll the North Carolina and Arkansas judgments?

**Analysis**

On the face of it, Tennessee is the "home state" of the child under the Uniform Child Custody Jurisdiction Act [UCCJA] and the Parental Kidnaping Prevention Act, T.C.A. 36-6-205(5); 28 U.S.C.A. § 1738A. Under the UCCJA, Tennessee thus has jurisdiction to *make or modify* a child custody order, since the child has lived in Tennessee "for at least six consecutive months" immediately preceding the filing of the petition in Tennessee, T.C.A. 36-6-202(5). We infer from the record and briefs that the Chancellor recognized the authority visited in the Tennessee Chancery Court to assume jurisdiction and 'enroll' the foreign judgments,[3] but declined to do so, apparently for the reasons *Husband* alleged in his motion.

*Wife's* position is somewhat anomalous, and *Husband* excoriates her as coming to court with unclean hands, since she refused to obey the North Carolina judgments she now seeks to enforce in Tennessee and was held in both civil and criminal contempt for her defiance. As we deduce, she fled North Carolina to avoid incarceration.

T.C.A. § 36-6-209 authorized a court to decline jurisdiction within its parameter:

> If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

> Unless required in the interest of the child and subject to T.C.A. § 36-6-215(a), the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state, the court, subject to T.C.A. § 36-6-215(a) may decline to exercise its jurisdiction if this is just and proper under the circumstances.

---

[3]The parties refer to the "enrollment" of the foreign decrees. The Tennessee statutory scheme makes no reference to "enrollment" of the judgments of sister states, but we look to substance, not form.

*Wife* argues that the contempt motions were filed in North Carolina more than one year after both she and *Husband* had permanently moved from that State, which entertained the motions without regard to its own jurisdictional criteria.

The North Carolina UCCJA provides that the State has jurisdiction to decide custody and visitation cases if:

> (1)     This State is the home state of the child at the time of the commencement of the proceeding . . . .
>
> (2)     It is in the best interest of the child that a court of this State assume jurisdiction because the child . . . and at least one contestant have a significant connection with this State . . .

N. C. Gen. Stat. § 50 A-3 (1989).

The argument by *Wife* overlooks the fact that the motions involved contempt of the court for violation of Orders entered when jurisdiction admittedly was reposed in North Carolina, and we manifestly decline to hold that the North Carolina Court lacked jurisdiction to impose sanctions for the wilful violation of its decrees.

*Wife's* defiance of the North Carolina Court is 'clearly reprehensible,' and to that extent her hands are unclean.  But she cannot now be repelled because of the offense she offered to the North Carolina Court, *see, Haynes v. Haynes,* 904 S.W.2d 118 (Tenn. Ct. App. 1995), since our primary concern is for the best interests of the child.  It is at this juncture that we emphasize that the child and *Wife* have been residents of Tennessee since January 1993, and Husband a resident of Arkansas since July, 1993.  North Carolina has no vested jurisdictional interest, and neither *Wife* nor *Husband* nor the child has a 'significant connection' with that State.  N. C. Gen. Stat. 50 A-3(2) (1989).  Moreover, the *custody* of the child is not an issue before us; rather, whether or not the North Carolina Orders may be filed in Tennessee is the sole issue.  *State ex rel. Cooper v. Hamilton,* 688 S.W.2d 821 (Tenn. 1985) is the authority for the conclusion that where all persons involved have moved away, jurisdiction to modify custodial decrees will shift elsewhere.

Given the record before us we are not aware of any reason why the North Carolina Orders are not entitled to full faith and credit in Tennessee, T.C.A. 36-6-

214; *Brown v. Brown,* 847 S.W.2d 496 (Tenn. 1993), and thus eligible for filing in the Chancery Court of Shelby County, Tennessee pursuant to T.C.A. 36-6-216.

The sole purpose of this legal exercise by the *Wife* appears to be an effort to salvage the issue of permanent alimony, since the divorce judgment rendered by the Arkansas Court has become final, and the issue of custody may be litigated in the child's home state in accordance with the laws of Tennessee. As to the efficacy of this stratagem we express no opinion and offer no critique. Suffice to state that a judgment which cannot be enforced is worthless, and that the North Carolina judgments, when filed in Tennessee at the behest of Wife are amenable to enforcement *ab initio.*

Accordingly, the judgment is reversed and the case is remanded to the Chancery Court of Shelby County to the end that the foreign decrees or Orders may be filed, and thereafter modified, if at all, in accordance with legal principles and procedures.

Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:

_____
W. Frank Crawford, Presiding Judge (W.S.)

_____
David R. Farmer, Judge

7