IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 19, 2002 Session

## TAMMY LYN PIERCE v. MICHAEL DAVID PIERCE

**Appeal from the Circuit Court for Davidson County**
**No. 91D-240    Muriel Robinson, Judge**

---

**No. M2001-01727-COA-R3-CV - Filed June 20, 2002**

---

In 1994, a father, who had failed to comply with a child support order, was sentenced to jail for six months or until he paid the arrearage of $23,800. A month later the trial court suspended the sentence upon the defendant's promise to pay $10,000 immediately and to pay the balance by October 15, 1995 in quarterly installments. The order provided that if the defendant failed to meet the conditions in the suspension order the suspended sentence would be revoked if the mother filed an appropriate motion. In 2001, the trial court found the defendant guilty of criminal contempt and ordered him to serve the balance of the six month sentence for failing to comply with the 1994 suspension order. We reverse the order finding the defendant in criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J. and BUDDY D. PERRY, SP. J., joined.

Rebecca T. Garland, Brentwood, Tennessee and David A. Collins, Nashville, Tennessee, for the appellant, Michael David Pierce.

Richard Hedgepath, Jr., Nashville, Tennessee, for the appellee, Tammy Lyn Pierce.

**OPINION**

**I.**

The trial court's order reads as follows:

The Court finds that Respondent is guilty of criminal contempt of court in that Respondent has not strictly complied with the Court's order entered on September 9, 1994, in Probate Court Minute Book 70B, page 1221. The Court finds that Respondent did not pay the following amounts to Petitioner as ordered: $5,000.00 by

January 15, 1995; $5,000.00 by April 15, 1995; $5,000.00 by July 15, 1995; and $3,110.84, plus accumulated interest, by October 15, 1995. The Court finds that Respondent's suspended six-month jail sentence shall be and hereby is revoked and that Respondent shall immediately begin serving the remaining five (5) months, twelve (12) days of said sentence, pursuant to the Court's order entered on September 9, 1994.

The appellant asserts (1) that the 1994 sentence was civil contempt, (2) that in order to sentence a contemnor to jail for civil contempt the court must find that the contemnor has the ability to comply with the court's order, and (3) that there is no proof that he could comply with the 1994 order suspending his sentence.

## A. CONTEMPT

Civil contempt is used by a court to coerce the contemnor into complying with the court's orders. *Black v. Blount*, 938 S.W.2d 394 (Tenn. 1996). If imprisonment is involved, the contemnor will be immediately released upon compliance. *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000). It is the conditional nature of the contempt sentence that distinguishes civil contempt from criminal contempt. A criminal contempt sentence is used to punish the contemnor; therefore it is final and unconditional. *Black v. Blount*, 938 S.W.2d 394 (Tenn. 1996).

Judged by these standards the original contempt order was clearly civil. It ordered Mr. Pierce to jail for six months <u>or until he paid the arrearage of $23,800</u>. The jail sentence would have disappeared the next day if Mr. Pierce had purged himself of the contempt.

In order to sentence a contemnor to jail until he performs (civil contempt), the court must affirmatively find that he has the <u>present</u> ability to perform. *Gossett v. Gossett*, 241 S.W.2d 934 (Tenn. Ct. App. 1951). We must assume that the court made that requisite finding before the August 1994 order. But once the contemnor has lost the ability to perform, the jail sentence has lost its coercive effect, and the contemnor must be released. *Shillitani v. U.S.*, 384 U.S. 364 (1966).

It is also true that in order to impose a sentence for criminal contempt, the court must affirmatively find (by proof beyond a reasonable doubt) that the defendant had the ability to perform <u>at the time</u> he violated the court's order. *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000); *Strunk v. Lewis Coal Co.*, 547 S.W.2d 252 (Tenn. Crim. App. 1976). In other words, the contemptuous behavior must be wilful. *Haynes v. Haynes*, 904 S.W.2d 118 (Tenn. Ct. App. 1995).

## B. THE SEPTEMBER 1994 ORDER

In September of 1994, after Mr. Pierce had served one month of the six month sentence, the court released him from confinement on his promise to pay the judgment against him in stated installments. The order also provided that if he failed to pay any of the installments he would be returned to jail "upon the [mother] filing an appropriate motion with the court."

In March of 2000, Ms. Pierce filed a petition seeking to have Mr. Pierce serve the balance of the sentence. We think it is obvious that the sole purpose for returning Mr. Pierce to prison in 2000 for violating a 1994 order is to punish him, when the sole purpose of the original sentence was to coerce him into paying the arrearage. We are of the opinion that it is not possible to transform a civil proceeding to a criminal one after the sentence has been imposed. The basic principles are different; the constitutional protections afforded the accused are vastly different. *See Storey v. Storey*, 835 S.W.2d 593 (Tenn. Ct. App. 1992).

In addition, by converting the original conditional sentence to an unconditional definite one the order no longer has a coercive effect. If Mr. Pierce must serve the balance of his original sentence whether he pays the judgment or not, he is unlikely to feel any compulsion to pay it. As we have seen, when a civil contempt order has lost its coercive effect, the legal justification for it ends and further confinement must be terminated. *Shillitani v. U.S.*, 384 U.S. 364 (1966); *Catena v. Seidl*, 343 A.2d 744 (N.J. 1975).

Finally, as we have seen, the ability to pay is critical to a sentence of civil or criminal contempt. The only difference is in the time when the contemnor possessed that ability. But there is no proof in this record that Mr. Pierce ever had the ability to pay the installments called for in the September 1994 order. He testified that he had some business opportunities that would have provided the funds, but that the opportunities fell through. There is, likewise, no proof that Mr. Pierce has the present ability to make the payments, which now amount to considerably more than the $18,000 in the 1994 order. For all these reasons, we reverse the lower court's order finding Mr. Pierce in criminal contempt and requiring him to serve the balance of the 1994 sentence.

The order requiring Mr. Pierce to serve the balance of the 1994 sentence is reversed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellee.

_____

BEN H. CANTRELL, PRESIDING JUDGE, M.S.