IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 18, 2006 Session

## UNITED COLOR LAB & DIGITAL IMAGING, INC.
## v. UNITED STUDIOS

Direct Appeal from the Chancery Court for Shelby County
No. CH-04-0536-3     D. J. Alissandratos, Chancellor

No. W2005-00133-COA-R3-CV - Filed March 21, 2006

In this case we are asked to review a trial court's decision to hold the defendant in contempt of the court's order. After the plaintiff filed its lawsuit to recover amounts allegedly owed on certain invoices, the trial court ordered the defendant to file a sworn statement setting forth any amounts it believed it owed to the plaintiff and the "basis" for that statement. The defendant submitted the affidavit of its president who asserted that it owed nothing to the plaintiff and that plaintiff breached the parties' contract. The defendant subsequently filed an answer denying it owed the money and filed a counter-complaint for breach of contract, tortious interference with contract, and fraud. The plaintiff filed a petition seeking to hold the defendant in contempt of the court's order, asserting that the affidavit filed by the defendant did not set forth specific facts. The chancery court granted the motion and found the defendant in contempt of the order holding that the affidavit did not contain enough "detail" as required by the order. The defendant appealed to this Court. We reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Randall N. Songstad, Memphis, TN, for Appellant

John D. Horne, Memphis, TN, for Appellee

# OPINION

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

United Color Lab & Digital Imaging, Inc. (hereinafter "United Color Lab" or "Appellee"), a Tennessee corporation with its principal place of business located in Memphis, is engaged in the business of processing photographic film into finished portraits. United Studios of America, Inc. (hereinafter "United Studios" or "Appellant"), an Ohio corporation, operates various businesses throughout the United States taking photographs for customers. After taking the photographs, United Studios would send the photographic film to United Color Lab's facilities in Memphis for processing.

In December of 2003, United Studios refused to pay certain invoices submitted by United Color Lab for payment. On December 31, 2003, United Color Lab sent a letter to United Studios informing it that, if the invoices were not paid, United Color Lab intended to impose a printer's and binder's lien on the photographs submitted for processing.[1] When it failed to receive payment, United Color Lab filed a complaint against United Studios on March 18, 2004 in the Chancery Court of Shelby County seeking to enforce its lien and to recover damages. Therein, United Color Lab alleged that United Studios owed $65,636.68, as demonstrated by the invoices attached to the complaint as exhibits.

The chancellor conducted a hearing on April 15, 2004, and he subsequently entered an order[2] appointing a Special Master with accounting experience to investigate the financial records of both parties and determine any amounts owed. Further, the chancellor ordered the following:

> 4.    Prior to the close of business on Thursday, April 22, 2004, [United Studios] shall file with the Court a sworn statement or statements setting forth the amounts [United Studios] believe they owe to [United Color Lab], together with the basis therefor, as well as any amounts that [United Studios] believe they may be owed by [United Color Lab], together with the basis therefor.
> 5.    Failure of the parties to comply with the terms and provisions of this Order shall be a basis for the Court to entertain its contempt power.

---

[1] *See* TENN. CODE ANN. 66-15-103 (2004).

[2] The record indicates the chancery court did not file the order until April 29, 2004. The chancellor apparently conveyed the substance of the order to the parties at the conclusion of the April 15, 2004 hearing, however, the record does not contain a transcript of the hearing. As a result, it is impossible to ascertain the court's justification for certain aspects of the order.

On April 22, 2004, in an attempt to comply with the chancery court's order, United Studios submitted the affidavit of its president, Dean Nelson, who stated as follows:

> [United Studios] owe[s] [United Color Lab] nothing on the invoices attached to the Compliant. The amounts listed have been greatly exaggerated, include charges for work that was never done or delivered as a result of [United Color Lab's] tortious conduct, . . . and [United Studios] intend[s] to pursue a Counterclaim against [United Color Lab] . . . for damages for breach of contract . . . and for tortious interference in a contract . . . .
>
> . . . .
>
> On or about December 15, 2003, [United Color Lab] faxed a letter to me demanding payment [on the invoices]. This demand constituted a breach of the contract by which [United Color Lab] had processed film for United Studios. The invoices for which payment was demanded were within terms, as established by the course of dealing of the parties over many years, and **payment was not yet due**. In addition, the total of the invoices was approximately double the amounts which should have been on the invoices. These amounts were increased as a result of overcharging, which [United Color Lab] had been caught doing before, and by simply making up charges.
>
> In this same letter, [United Color Lab] stated that [it] had approximately one thousand special orders that [United Color Lab] would not process or ship until this payment was received. [United Color Lab] was aware that families had already paid [United Studios] for these special orders, and that failure to deliver these orders during the holiday season would create the appearance that [United Studios] does not deliver the family portraits that customers have paid for . . . . [United Studios] responded to the . . . letter by demanding that [United Color Lab] process and invoice United Studios for the approximate one thousand special orders, that [United Studios] would immediately pay for the special orders, and resolve the dispute . . . by auditing the invoices. [United Color Lab] declined to do so, and refused to return the unprocessed film so it could be processed elsewhere.
>
> . . . As a result of [United Color Lab's] breach of the contract, [United Studios] had to immediately make other arrangements for processing of their customers' family portraits. The expenses incurred by [United Studios] to issue refunds to customers, reshoot portraits, process the reshoots, and deliver the portraits to the customers is in excess of $50,000.00. My bookkeepers and accounts

are now working to provide the Court with as accurate a figure as possible, as quickly as possible.

(emphasis in original). On the same day that United Studios submitted Mr. Nelson's affidavit, it also filed a motion to dismiss United Color Lab's complaint for lack of personal jurisdiction.

On May 27, 2004, United Color Lab filed a "Petition for Scire Facias" seeking to hold United Studios in contempt of the chancery court's order, alleging that Mr. Nelson's affidavit contained only conclusory statements and failed to offer specific facts regarding the invoices attached to United Color Lab's complaint. Specifically, United Color Lab asserted that the chancery court's order required United Studios to document and itemize its position regarding the invoices. On June 7, 2004, United Studios filed its answer in this case denying liability on the invoices and submitted a counter-complaint for breach of contract, tortious interference with a contract, and fraud. It also withdrew its motion to dismiss and waived any arguments relating to a lack of personal jurisdiction.

The chancellor conducted a hearing on United Color Lab's petition on June 8, 2004. At the hearing, counsel for United Studios argued that Mr. Nelson's affidavit complied with the court's order and stated that, given the infancy of the litigation, it presently could not ascertain the exact amount that may be owed. In response, the chancellor stated as follows:

> The Court finds that indeed this petition is well taken and that the defendant is guilty of civil contempt. . . .
> The Court's interpretation of that order is the same now as it was at the time that this Court met with such capable lawyers in chambers and that was detail. Basis means detail. There was no detail.
> Therefore I find the defendants guilty of contempt. The Court will prevent them from providing any additional information to show the basis of their statements and all inferences thereof that otherwise would have been presented by them should be adversely to them.

Thereafter, the chancellor entered an order finding United Studios in civil contempt of the previous order "due to the fact that the Affidavit of Dean Nelson filed by [United Studios] did not have enough 'detail' to satisfy 'the basis therefore [sic].'" The court further noted that United Studios had not produced any documents to the Special Master to support its position and, as a result, ordered that it "be prevented from providing any additional information to show the basis of their statements and all inferences thereof that otherwise would have been presented by them should be adversely to them."

United Studios subsequently sought an interlocutory appeal, which the trial court denied. On November 8, 2004, the Special Master filed her report with the chancery court finding that United Color Lab was entitled to $55,999.66. United Studios filed an objection to the report citing its inability to provide evidence in support of its position due to the chancery court's contempt order.

-4-

After United Color Lab filed a motion to confirm the Special Master's report, the chancery court entered a "Final Judgment" on January 4, 2005 awarding United Color Lab $55,999.66 in damages.

United Studios timely filed a notice of appeal to this Court presenting the issue of whether the chancery court abused its discretion when it found United Studios in civil contempt of the court's order for review. After reviewing the record, we reverse the decision of the chancery court.

## II.
### STANDARD OF REVIEW

Every court in this state is empowered to punish for contempt. TENN. CODE ANN. § 16-1-103 (1994 & Supp. 2005). This power is, however, limited to conduct delineated by statute, which includes the "willful disobedience . . . to any lawful writ, process, order, rule, decree, or command" of the court. *Id.* § 29-9-102 (2000); *see also Black v. Blount*, 938 S.W.2d 394, 397 (Tenn. 1996) (noting that the acts for which a trial court may hold a person or entity in contempt are limited by statute). "Civil contempt occurs when a person refuses or fails to comply with a court order and a contempt action is brought to enforce private rights." *Black*, 938 S.W.2d at 398 (citing *Robinson v. Air Draulics Eng'g Co.*, 377 S.W.2d 908, 911 (Tenn. 1964)). "The court of appeals also has appellate jurisdiction over civil or criminal contempt arising out of a civil matter." TENN. CODE ANN. § 16-4-108(b) (1994 & Supp. 2005).

"Determining whether its order has been followed is the prerogative of the trial court, and is uniquely within the trial court's discretion." *Sherrod v. Wix*, 849 S.W.2d 780, 786 (Tenn. Ct. App. 1992) (citations omitted). Accordingly, we review a trial court's finding of contempt under the less rigorous abuse of discretion standard of review. *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222 (Tenn. Ct. App. 1999). Discretionary decisions require the trial court to take into consideration the facts and applicable law, *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996), thus we review such decisions as follows:

> Appellate courts will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d at 695. Thus, a trial court's discretionary decision should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives. *See BIF v. Service Constr. Co.*, 1988 Tenn. App. LEXIS 430, 1988 WL 72409, at *3. Appellate courts should permit a discretionary decision to stand if reasonable judicial minds can differ concerning its soundness. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d at 695.

*White*, 21 S.W.3d at 223; *see also State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)).

## III.
### ANALYSIS

In order to find a party in civil contempt of an order, the trial court must make a threshold finding that the party violating the order engaged in willful conduct. *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000); *Haynes v. Haynes*, 904 S.W.2d 118, 120 (Tenn. Ct. App. 1995). Willful conduct can be defined as follows:

> "Willfulness" does not require the same standard of culpability required by the penal code. *G.T. v. Adoption of A.E.T.*, 725 So. 2d 404, 409 (Fla. Dist. Ct. App. 1999). Nor does it require malevolence or ill will. *In re Adoption of a Minor*, 343 Mass. 292, 178 N.E.2d 264, 267 (Mass. 1961). Willful conduct consists of acts or failures to act that are intentional or voluntary rather than accidental or inadvertent. *In re Mazzeo*, 131 F.3d 295, 299 (2d Cir. 1997); *United States v. Phillips*, 19 F.3d 1565, 1576 (11th Cir. 1994); *In re Adoption of Earhart*, 117 Ohio App. 73, 190 N.E.2d 468, 470 (Ohio Ct. App. 1961); *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 589 P.2d 89, 96 (Idaho 1979). Conduct is "willful" if it is the product of free will rather than coercion. Thus, a person acts "willfully" if he or she is a free agent, knows what he or she is doing, and intends to do what he or she is doing.

*In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 Tenn. App. LEXIS 831, at *14–15 (Tenn. Ct. App. Nov. 25, 2003); *see also* BLACK'S LAW DICTIONARY 1593 (7th ed. 1999). On appeal, United Studios argues that, by supplying the affidavit of Mr. Nelson, it complied with the trial court's order and cannot be found to have engaged in willful disobedience of that order. We agree.

To properly evaluate the trial court's finding of contempt based on a perceived violation of a prior order, we necessarily must begin with the order itself. The April 29, 2004 order required United Studios to (1) submit a sworn statement stating the amounts, if any, it believed it owed to United Color Lab and the basis for that statement, and (2) submit a sworn statement stating the amounts, if any, it believed that United Color Lab owed it and the basis for that statement. At the hearing on United Color Lab's petition for contempt, the chancellor stated that, at the time he entered the order, he intended for "basis" to mean "detail." In the order finding United Studios in contempt, the chancellor stated that Mr. Nelson's affidavit "did not have enough 'detail' to satisfy 'the basis therefore [sic]."

It is a well established principle of our appellate jurisprudence that "[a] court speaks only through its written judgments, duly entered upon its minutes. Therefore, no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." **Sparkle Laundry & Cleaners, Inc. v. Kelton**, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) (citations omitted); **see also Lewis v. Brooks**, 66 S.W.3d 883, 886 (Tenn. Ct. App. 2001); **City of Newport v. Masengill Auction Co.**, 19 S.W.3d 789, 795–96 (Tenn. Ct. App. 1999); **Evans v. Perkey**, 647 S.W.2d 636, 641 (Tenn. Ct. App. 1982). When interpreting a trial court's order, we cannot rely on oral statements made from the bench, as they are of no effect unless they have been incorporated into the court's order or judgment. **DLLP, LLC v. Int'l Creative Mgmt., Inc.**, No. E2002-02452-COA-R3-CV, 2003 Tenn. App. LEXIS 452, at *6–7 (Tenn. Ct. App. June 25, 2003) (no perm. app. filed); **City of Newport**, 19 S.W.3d at 795–96. "Rather, we must look only to the language of that order, at least to the extent that the language is clear and unambiguous." **DLLP, LLC**, 2003 Tenn. App. LEXIS 452, at *6–7.

There is nothing in the initial order which required United Studios to supply, in detailed form, the reasons for Mr. Nelson's assertions in his affidavit. Within the time permitted by the order, United Studios submitted the affidavit of its president, Mr. Nelson, setting forth the reasons why it felt it did not owe the money sought by United Color Lab. The trial court's subsequent interpretation of that order is of no effect. Had the trial court wished for United Studios to supply a detailed explanation of its position (i.e. produce documents or other materials) in this case, it could have stated as much in the order. We find that the affidavit submitted by United Studios complied with the order by stating the basis for its position in this case. Accordingly, United Studios did not willfully violate the chancery court's order.

There are additional reasons for our decision in this case. United Color Lab argues that it was proper for the chancellor to impose sanctions against United Studios since United Studios failed to cooperate with discovery. We find this argument to be totally lacking in merit.

United Color Lab filed its complaint in this case on March 18, 2004. The chancellor held a hearing on April 15, 2004, after which it ordered United Studios to supply the sworn statements at issue. On April 22, 2004, United Studios filed a motion to dismiss the complaint for lack of personal jurisdiction. Thus, no answer to the complaint was due at the time the chancellor ordered United Studios to disclose the information.[3] United Color Lab seems to suggest that the order at issue constitutes an order to compel discovery. Yet, we have no transcript of the April 15, 2004 hearing, therefore, we cannot ascertain the chancellor's reasons for ordering United Studios to provide the basis for its position regarding the amounts allegedly owed. Rule 37 of the Tennessee Rules of Civil Procedure does allow for the imposition of penalties when a party fails to cooperate in the discovery process. "A party, *upon reasonable notice to other parties* and all person affected

---

[3] "A defendant shall serve an answer within 30 days after the service of the summons and complaint upon the defendant." TENN. R. CIV. P. 12.01 (2005). "The service of a motion permitted under this rule alters these periods of time" so that, in the event the trial court denies the motion, the defendant has fifteen days after notice of such action in which to file an answer. *Id.* United Studios filed its motion for lack of personal jurisdiction pursuant to Tennessee Rule of Civil Procedure 12.02(2) on April 22, 2004, and while it subsequently filed an answer waiving personal jurisdiction, no answer was due at the time of the trial court's order, which was not entered until April 29, 2004.

hereby, may apply for an order compelling discovery . . . ." TENN. R. CIV. P. 37.01 (2005) (emphasis added). If a party fails to comply with an order directing that party to comply with discovery, "the court in which the action is pending may make such orders in regard to the failure as are just," to include "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." TENN. R. CIV. P. 37.02 (2005). Nowhere in the order at issue do we find any mention of an application for an order compelling discovery. Nor does the order reference any failure on the part of United Studios to comply with any discovery request submitted by United Color Lab.

Tennessee Rule of Civil Procedure 26.01 sets forth the methods of discovery to include oral depositions, written depositions, written interrogatories, production of documents, physical and mental examinations, and requests for admissions. Each of these methods of discovery are discussed more fully in Tennessee Rules of Civil Procedure 27 through 36. Had United Color Labs wished to obtain certain information from United Studios regarding the debt allegedly owed, it certainly could have submitted a discovery request to United Studios, even though no answer was due at the time. *See*, *e.g.*, TENN. R. CIV. P. 30.01 (2005) (noting that a party may, with leave of court, take the testimony of a person after the commencement of an action but before the expiration of the thirty days in which the defendant may file an answer); TENN. R. CIV. P. 34.02 (2005) (stating that a party, without requesting leave of court, may serve upon a defendant, "with or after service of the summons and complaint," a request for the production of certain items, "except that a defendant may serve a response within 45 days after service of the summons and complaint."). Nowhere in the record before this Court do we find any discovery requests submitted by either party. Nor do we find any mention of Tennessee Rule of Civil Procedure 37 or an alleged violation of discovery in United Color Lab's petition for contempt. Instead, United Color Lab merely stated in its petition that United Studios "failed to make any specific factual statements regarding invoices that had been furnished to them by the Plaintiff."

Regarding a court's use of its contempt power, our supreme court has stated as follows:

> While the power to punish for contempt may and should be used in an appropriate case, it should not be used unless the case clearly calls for its exercise. The power should be exercised only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice.

*Robinson v. Air Draulics Eng'g Co., Inc.*, 377 S.W.2d 908, 911–12 (Tenn. 1964). Discretionary decisions require the trial court to view the facts in light of the applicable legal principles. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). Based on the fact that United Studios submitted an affidavit setting forth its position and the basis for that position as required by the language of the order, an answer was not yet due from United Studios when the trial court entered the order due to the pending motion to dismiss for lack of personal jurisdiction, and United Studios never received a discovery request from United Color Lab pursuant to the Tennessee Rules of Civil Procedure, we hold that the chancellor abused his discretion in finding United Studios in contempt.

## IV.
### CONCLUSION

For the aforementioned reasons, we find that the chancery court abused its discretion in finding the Appellant in contempt of a prior order.  As a result, we must vacate the final judgment entered by the chancery court and remand this case for further proceedings.  Costs of this appeal are to be taxed to the Appellee, United Color Lab & Digital Imaging, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE