IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2006 Session

## KEVIN FONGNALY v. VIENQRHONE VICKIE FONGNALY

**Direct Appeal from the Chancery Court for Rutherford County**
**No. 04-9276DR     Hon. Royce Taylor, Chancellor**

---

**No. M2005-01757-COA-R3-CV - Filed on September 27, 2006**

---

In this divorce case, the Trial Court awarded primary custody of the parties' minor children to the father. The mother appealed and we affirm the Trial Court's Judgment.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., joined, and CHARLES D. SUSANO, JR., J., filed a Dissenting Opinion.

Daryl M. South, Murfreesboro, Tennessee, for Appellant.

R. Price Nimmo, Nashville, Tennessee, for Appellee.

**OPINION**

In this divorce action, the sole issue on appeal concerns the propriety of the Trial Court's awarding primary custody of the parties' minor children to the father.

This divorce action was instituted by the father on September 7, 2004, and the parties entered into an Agreed Order on October 18, 2004, whereby the parties agreed that, pending trial, they would share the marital residence and share parenting responsibilities, but would sleep in separate bedrooms. In the Order, the wife acknowledged having an extramarital relationship, and agreed to refrain from having the children around that person. They attended mediation and settled some issues, and the issues left for trial were: who would obtain the divorce; the custody and co-parenting of the children; child support; division of certain property; alimony; attorneys fees; and payment of court costs.

In the wife's Answer and Counter-Complaint, she admitted that she had committed adultery, but asserted that the husband was guilty of improper conduct, and that she had been the primary caregiver for the children throughout their lives, and sought custody, as well as child support and alimony.

A trial was conducted on May 16, 2005, and numerous witnesses testified, including the parties' eldest daughter, Amanda Fongnaly, age 17, who testified outside the presence of the parties.

Following the evidentiary hearing, the Trial Judge said that he had looked at the various factors, and that the overriding factors were the wife's affair, which "goes to the character of the wife and the situation that's put the children in", but that was "balanced somewhat" by the preference expressed by Amanda.[1]  The Court found that both parties were fit and proper parents, and both loved the children and had a good relationship with them. The Court said that the wife's relationship with the children was warmer and that she was more of a caregiver, and that the father was more of a traditional father.  The Court stated that there would be a joint arrangement "to some extent", and named the father as the primary parent, "simply because I think that that's in the best interest of the children when I have looked at all the factors that fall into place." The Court gave the mother co-parenting time every other weekend, every Thursday night, and equal time during holidays. The Court granted the husband the divorce, divided the parties' property and held that the wife should pay child support of $525.00 per month, but that she was also entitled to an award of alimony, which offset the child support award for 24 months.

On appeal, the wife asserts that the Trial Court erred in awarding primary residential care of the children to the husband, as he was not shown to be the more fit parent, but as this Court has previously explained:

> According to Tennessee law, the court is required to determine which parent is a comparatively more fit custodian.  The court's primary concern is the welfare of the minor child, and the determination of custody turns on the particular facts of each case.  The Tennessee Constitution grants the legislature the authority to enact divorce statutes.  With regard to child custody determinations, T.C.A. § 36-6-106 lists factors that a trial court is to consider in making a "comparative fitness" analysis as follows:
>
> (1) The love, affection and emotional ties existing between the parents and child;
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
> (3) The importance of continuity in the child's life and the length of time the child has

---

[1]Amanda testified that she did not want to express a preference, but added if she had to choose, she would say her mother.

lived in a stable, satisfactory environment; ···
(4) The stability of the family unit of the parents;
(5) The mental and physical health of the parents;
(6) The home, school and community record of the child;
(7) The reasonable preference of the child if twelve (12) years of age or older····
(8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person;····
(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and
(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.
T.C.A. § 36-6-106 (Supp.2000).

*Lee v. Lee*, 66 S.W.3d 837 (Tenn. Ct. App. 2001).

We review a trial court's determination regarding child custody under an abuse of discretion standard. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App.1996). As explained in that case:

> This Court is of the opinion that the findings of the trial court should be given great weight as they relate to issues surrounding child custody. "Absent some compelling reason otherwise, considerable weight must be given to the judgment of the Trial Court [in a divorce proceeding] in respect to credibility and suitability" of the parties as custodians. The trial courts are vested with a wide discretion in matters of child custody, and the reviewing courts will not interfere except upon a showing of erroneous exercise of that discretion. The trial court enjoys a substantial advantage in having the opportunity to see, hear and evaluate the parents suitability as custodians.
>
> * * *
>
> The true test for the award of custody is to arrive at the point of deciding with whom to place the child in preparation for a caring and productive adult life. It is noted by this Court in *Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. Ct. App.1993), that the welfare and best interest of the children are of paramount concern in custody cases. Fitness for custodial responsibilities is a comparative matter that the trial court is required to make. Nowhere is the presumption of correctness of the trial court's conclusions more applicable than in matters of child custody where the surrounding testimony is complex and involved and frequently filled with disputes and acrimony. As noted by the Tennessee Supreme Court in *Cecil v. State ex. rel. Cecil*, 192 Tenn. 74, 237 S.W.2d 558, 559 (1951):
>
> In cases involving child custody, the decision of the Trial Judge who saw and

heard the witnesses, is to be given great, if not controlling effect, and we will interfere only where we find a palpable abuse of discretion, or a judgment against the great weight of the evidence.

　　　　*Cecil*, 237 S.W.2d at 559.

*Id.* at 385-386 (citations omitted).

The wife argues that the Trial Court's decision was erroneously based on her admitted adultery. It is well-settled that in custody cases, the court will not use the custody of the child as a reward or punishment to the parent. *Long v. Long*, 488 S.W.2d 729 (Tenn. Ct. App. 1972). As we have explained, "[s]exual infidelity or indiscretion does not ipso facto disqualify a parent from being awarded custody. However, when the parent's sexual activities or indiscretion involve neglect of the minor child, such neglect may be considered in relation to the best interest of the minor child." *Sutherland v. Sutherland*, 831 S.W.2d 283 (Tenn. Ct. App. 1991). The mother correctly notes that neglect was not shown in this case.

The factors to be considered by the court are those listed in Tenn. Code Ann. §36-6-106, previously quoted. The husband points out the Court should also consider the statutory scheme regarding parenting plans listed in Tenn. Code Ann. § 36-6-404(b), which provides these factors to be considered:

> (1) The parent's ability to instruct, inspire, and encourage the child to prepare for a life of service, and to compete successfully in the society that the child faces as an adult;
>
> (2) The relative strength, nature, and stability of the child's relationship with each parent, including whether a parent has taken greater responsibility for performing parenting responsibilities relating to the daily needs of the child; . . .
>
> (8) The emotional needs and developmental level of the child;
>
> (9) The character and physical and emotional fitness of each parent as it relates to each parent's ability to parent or the welfare of the child;
>
> (10) The child's interaction and interrelationships with siblings and with significant adults, as well as the child's involvement with the child's physical surroundings, school, or other significant activities; . . .
>
> (15) Each parent's employment schedule, and the court may make accommodations consistent with those schedules; and

(16) Any other factors deemed relevant by the court.[2]

The Trial Judge stated that he had considered all of the relevant factors, and did find that both parents were fit and proper, and both loved the children and had a good relationship with them. He also found the wife's relationship with the children was "warmer". While the Trial Court obviously considered the affair as it reflected on the wife's character, he did not base the entire decision on this factor, as the wife claimed. The wife's affair was just one of the factors which the Court considered, as is proper.

The evidence does not preponderate against the Trial Court's findings, when all of the factors are reviewed. Regarding the additional factors listed in Tenn. Code Ann. § 36-6-404(b), the only one which is relevant here is the factor dealing with the parties' character as it relates to each parent's ability to parent or the welfare of the child, and as the Trial Court found, wife's affair reflected on this due to the situation in which it placed the children.

As we have previously explained:

Creating a parenting plan is one of the most important decisions confronting a trial court in a divorce case. Courts must strive to devise parenting plans that promote the development of the children's relationship with both parents and interfere as little as possible with post-divorce family decision-making. The needs of the children are paramount; the desires of the parents are secondary. Parenting plans should never be used to punish or reward the parents for their human frailties or past mis-steps, but rather they should be used to advance the children's best interests by placing them in an environment that best serves their physical and emotional needs.

There are no hard and fast rules for devising a parenting plan. The process is factually driven and requires the courts to carefully weigh numerous considerations. The Tennessee General Assembly and the courts have identified many of the factors that trial courts should consider.

Trial courts have broad discretion to fashion parenting plans that best serve the interests of the children. They must, however, base their decisions on the evidence presented to them and upon the proper application of the relevant principles of law. While we are reluctant to second-guess a trial court's decisions regarding a parenting plan, we will not hesitate to do so if we conclude that the trial court's decision is not supported by the evidence, that the trial court's decision rests on an error of law, or that the child's interests will be best served by another parenting arrangement.

---

[2] Factors 3, 5, 6, 7, 11, 12, 13, and 14 are repetitive of the factors contained in Tenn. Code Ann. §36-6-106.

*Shofner v. Shofner*, 181 S.W.3d 703, 715-716 (Tenn. Ct. App. 2004)(citations omitted).

As the Trial Court found, the statutory factors weighed slightly in the husband's favor, and the Court appropriately fashioned a parenting plan which also gave the wife ample time with the children. We conclude, the Trial Court based its plan on the children's best interests, and the evidence does not preponderate against the Trial Court's findings. Tenn. R. App. P. 13(d).

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Vienqrhone Vickie Fongnaly.

_____
HERSCHEL PICKENS FRANKS, P.J.